City of Springfield v. Rosenmeyer.

52 301
69 280
52 301
75 179

## The City of Springfield v. Dora Rosenmeyer.

1. VARIANCE—*Pleadings and Proof.*—Where a declaration alleged that the city permitted a walk to be in an unsafe condition, and divers of the planks and other materials wherewith it was laid, to be and remain broken and unfastened, and the proof was that the planks which were laid for the purpose of a crossing over or across a brick sidewalk had warped or cupped, and the brick had settled so that the plank was from two to six inches higher than the brick walk, *it was held* that the variance was immaterial.

2. PRACTICE—*Variance.*—In making a motion to take a case from a jury, if a party relies upon a variance between the pleadings and the proofs, he should specifically point it out. The question of a variance between the pleadings and the proofs can not be raised for the first time in the Appellate Court.

8. NEGLIGENCE—*Knowledge of Defects in Sidewalks.*—The mere fact that a person knows of a defect in a sidewalk, though he may not have it in his mind at the time of an accident, is not conclusive against him. It can not be expected that an ordinary person will continually have such a fact in mind and be continually on the alert.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

DAVIS McKEOWN, city attorney, for appellants; CONKLING & GROUT, of counsel.

JOHN C. SNIGG, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee brought an action on the case against the appellant to recover damages for personal injuries sustained by reason of the alleged defective condition of a certain sidewalk within the corporate limits of the city. The plea of not guilty was interposed, and the issue was submitted to a jury.

When the plaintiff rested her case the defendant " moved the court to exclude the testimony from the jury and instruct them to find a verdict for the defendant."

The motion was overruled and defendant excepted. The defendant offered no testimony and the court proceeded to instruct the jury on behalf of the plaintiff and on behalf of the defendant as requested by the parties respectively.

The jury found for plaintiff and assessed her damages at $375.

A motion for new trial was overruled and judgment followed, from which the present appeal is prosecuted.

It is argued first that there is a fatal variance between the allegations and the proofs. The declaration alleged that the city permitted the walk to " be in an unsafe condition and divers of the planks and other materials wherewith the sidewalk was laid, to be and remain broken and unfastened," whereas the proof was that the planks which were laid for

the purpose of a crossing over or across a brick sidewalk had warped or cupped, and the brick had settled so that the plank was higher than the brick walk, the elevation being variously estimated at from two to six inches. The point is that the walk was not broken and unfastened as alleged. The objection thus urged is exceedingly technical, and we are not inclined to agree with the city that there was really a variance, but whether so or not, the point can not be made for the first time in this court. I. & St. L. R. R. Co. v. Estes, 96 Ill. 470.

The motion to take the case from the jury did not suggest a variance. If it was the purpose of the defendant to rely upon that objection, it should have been specifically pointed out so that the declaration might have been amended if necessary.

It is assigned as error and so argued in the brief that the third instruction given for plaintiff assumed that the walk was "out of repair and dangerous," and that there was no evidence upon which to submit the hypothesis that the plaintiff exercised such care as a prudent person with her knowledge of the condition of the walk would ordinarily have exercised.

The instruction does not assume that the walk was out of repair and dangerous, but puts it hypothetically.

Whether there was such evidence as to justify the court in submitting the hypothesis of the exercise of ordinary care by the plaintiff, involves the point mainly argued, that the court erred in not taking the case from the jury. This is indeed the real question of importance in the case.

The plaintiff admitted that she had frequently noticed the defect and knew where it was, but at the time she was hurt she was not thinking about it and did not see it. It was after nightfall and she was in company with her daughter. She says she was looking straight in front of her. "We had our eyes down looking where we were going." The daughter says: "We were walking the way we always do, the usual way; well, I suppose we were looking where we were walking, I can't say that particularly. I always look before to see where I am walking."

Is the mere fact that she knew of this defect, though she then had it not in mind and was not thinking of it, conclusive against her? We think it is not.

It can not be expected that an ordinary person will continually have such a fact in mind and be continually on the alert.

Under the circumstances here detailed, it is not remarkable that the plaintiff, though looking forward in the ordinary way, did not see the obstruction and was not then thinking of it. She was proceeding at an ordinary pace, was laboring under no excitement, was looking ahead in the usual manner, and, perhaps, failed to see the dangerous place because of the darkness and the imperfect light thrown by the nearest street lamp. A person of ordinary care and prudence might happen not to think of the place, though well knowing it was somewhere in that vicinity, and so might fail to see it.

Had the accident occurred in the daytime a very different case would be presented.

It is hardly reasonable to say that the court should have taken the case from the jury or that a motion for new trial should have been allowed for this cause. In other words, we are not prepared to hold that because the plaintiff knew of this place, but was not then thinking of it, she should have been non-suited. All the circumstances in proof were to be considered in connection with her admission upon this point, and we think it was a question fairly to be submitted to the jury, whether she exercised that degree of care—ordinary care—which the law requires, and if so, the court properly refused the instructions to find for defendant and properly refused to grant a new trial.

There was no serious question as to the existence of the defect for such length of time as to charge the city with notice, nor that it was the direct cause of the plaintiff's injury, nor that the damages are excessive. The sole question was whether the plaintiff exercised ordinary care.

We do not feel warranted in reversing the judgment on that point. Affirmed.