City of Shelbyville v. Brant. ·

## City of Shelbyville v. Ellen M. Brant.

1. NOTICE—*Of Defective Sidewalks.*—Where a sidewalk is old and out of repair at many places, its stringers as well as cross planks in a condition of decay, the city is chargeable with notice of its general unsafe condition.

2. NEGLIGENCE—*Defective Sidewalks.*--To permit an old sidewalk to remain in a condition of decay, and attempt to repair it by nailing a rotten board back to a rotten stringer, is negligence.

3. EVIDENCE--*Of Condition of the Walk at Other Places.*—Where an injury is received upon an old sidewalk which has been permitted to remain in a condition of decay, it is competent to allow proof of the decayed condition of the walks at other points near by, and that the authorities had repaired the same at different places; such proof, in connection with the length of time the walk had been in use, is competent as tending to show a state of facts from which notice might be fairly inferred.

4. MISCONDUCT OF JURORS—*Waived by Failing to Object.*—Where counsel is informed of the misconduct of a part of a jury in visiting the place of the accident in question, and makes no objection to the court, he can not afterward be heard to complain.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Shelby County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

J. K. P. GRIDER and HAMLIN & KELLEY, attorneys for appellant.

MOULTON, CHAFEE & HEADEN, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $800 on account of damages sustained by the plaintiff from a fall caused by a defective sidewalk.

The plaintiff was no doubt injured quite severely in consequence of such an accident. It is not complained that the verdict was excessive. There seems to be no reasonable ground for saying that the plaintiff was not in the exercise of ordinary care, so that the question of fact is narrowed to the condition of the walk and whether the city had notice thereof. The walk was an old one, and out of repair at many places. The evidence tends to show that as to stringers as well as cross-planks it was in a condition of decay, and had been for a considerable time before the accident. Other persons had been injured, and in the same way the plaintiff was—*i. e.*, tripped by a board loosened by another person

walking along side, and quite a number of repairs were made at various points, but as the evidence tends to show, the great trouble was that the planks and stringers were so old and decayed as to be unfit longer for the purpose.

In such case the city would be justly chargeable with notice of the general unsafe condition of the walk, though no body may have known the special condition of the particular board which did the mischief. To permit such walk to remain and attempt to repair it by nailing a rotten or even a sound board back to a rotten stringer is as negligent as to construct a walk of unsound materials in the first place.

It was competent, therefore, to allow proof of the decayed condition of the walk at other points near by, and that the city authorities had repaired the same at different times. Such proof, in connection with the length of time the walk had been in use, would tend to show a state of facts from which notice might and should be fairly inferred. City of McLeansboro v. Lay, 29 Ill. App. 478; Town of Wheaton v. Hadley, 30 Ib. 564; Brownlee v. Village of Alexis, 39 Ib. 135; Barrett v. Hammond (Wis.), 58 N. W. Rep. 1053.

We are of opinion the evidence sufficiently supports the verdict upon the point of alleged negligence of the city, and what has been said will also dispose of objections urged in the brief to the action of the court in giving and refusing instructions.

The city has no just ground of complaint in that behalf. It is further objected that the verdict should have been set aside because of the misconduct of two of the jurors in visiting the place in question and making an examination of the same without permission of the court or consent of the parties. This is met by the fact that counsel for the city were aware of such conduct of the jurors and made no objection to the court. When a party is so informed and chooses to speculate on the result, he can not afterward be heard to complain. Stampofski v. Stebbins, 79 Ill. 303.

An affidavit of one of the attorneys for the city is to the effect that he did mention the matter to the judge presiding at the trial, who seemed to attach no importance to it. Pre-

sumably, this was a mere private conversation. The proper course to pursue was to call the attention of the court to the subject and make such motion as might be deemed necessary, and then the action of the court could be preserved in the record. It was not incumbent on the judge to file his affidavit as to the alleged conversation with counsel, nor should the rights of one party be affected by anything so transpiring between the judge and the other party.

Finding no substantial error in the record we must affirm the judgment.