## City of Springfield v. Martha Coe.

1.  NEGLIGENCE—*Traveling on a Defective Street.*—The fact that a plaintiff suing for injuries received on a defective street had knowledge of the defects is proper for consideration by the jury in arriving at a conclusion upon the question whether he acted with due care, but it is not, as a matter of law, proof of negligence.

2.  SAME—*Knowledge of Defects in a Street.*—The mere fact that a plaintiff suing for injuries received on a defective street, though in possession of knowledge of the defects, was not at the time thinking of the condition of the street, does not necessarily bar a recovery, but may be considered, together with the other circumstances in proof, in deciding whether the plaintiff used ordinary care to avoid injury.

**Trespass on the Case,** for personal injuries.  Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, pre-

siding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 4, 1896.

E. S. ROBINSON, city attorney, for appellant; J. C. SNIGG and E. L. CHAPIN, of counsel.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

In order to make contemplated repairs on Fourth street the appellant city caused the material with which the street was paved to be removed, which left the surface of the street some fifteen inches lower than it had formerly been at the point of intersection of Fourth and Canedy street.

The street was in that condition during the night of September 23, 1895. At about the hour of eight o'clock of that night appellee, a lady somewhat advanced in years, accompanied by her daughter, a young lady, alighted from the street cars at the corner of Fifth and Canedy streets, and started to walk westward along the walk on the south side of the last named street to their home, at the southwest corner of Fourth and Canedy streets. The night was dark and there was no street lamps or other light.

They reached Fourth street, and with the view of crossing it, stepped from the curbing and because of the excavation made in the streets by the city as before mentioned, the appellee received a violent fall.

One of the bones of her right arm was broken, the bones of the wrist of her hand dislocated, the ligaments and tendons of the arm and hand lacerated and torn, her shoulder strained, and bruises were inflicted on other parts of her body. She recovered judgment in the sum of $2,000 and the city appealed.

As a ground for reversal, it is urged appellee failed to exercise ordinary care, and that her negligence contributed materially to her injury and precluded recovery.

In connection with this insistence it is proper to notice

an alleged error of the court in ruling upon the admissibility of testimony.

Counsel for appellee asked her the following question:

" Q.   Now, when you went along, what kind of care did you exercise, you and your daughter, going along the sidewalk on the street at that point, if any?

Objected to by defendant.   Objection overruled by the court; to which ruling the defendant, by its counsel, then and there excepted.

A.   Well, we tried to be very careful.

Objection by the defendant.

A.   I do not know; it was dark, and we were afraid all the time and we walked carefully.   I was afraid of falling because it was so dark; that is why I took hold of my daughter's arm.   I said I could not see anything, and was afraid I would fall."

In answer to questions propounded by counsel for the city, on cross-examination, the appellee stated with minuteness of detail the manner in which she and her daughter were walking, and all that took place just before and at the time she received her injuries.

The instructions, of which no complaint is made, were such the jury could not but understand they were to determine whether appellee had used ordinary care, by the application of their judgment to the facts and circumstances proven.

The answer of appellee, if regarded as an expression of opinion merely, and as such not competent to be received in evidence, can not in reason be deemed of sufficient importance to demand a reversal of the judgment.   Stirling Bridge Co. v. Pearl, 80 Ill. 251.

Appellee had knowledge, at least in a general way, of the work that the city was having done on the street.

The fact she had such knowledge was proper for consideration by the jury in arriving at a conclusion upon the question whether she acted with due care, but it was not evidence of negligence as matter of law.

It was for the jury to determine, as matter of fact in view of all the testimony bearing upon the question, whether she

230    APPELLATE COURTS OF ILLINOIS.

exercised ordinary care. City of Sandwich v. Dolan, 141 Ill. 430; Village of Cullom v. Justice. 161 Ill. 372.

The fact that though in possession of such knowledge she was not at the time thinking of the condition of the street did not necessarily bar recovery. Her admissions upon this point were proper for consideration, together with all the circumstances in proof, in arriving at a conclusion upon the ultimate question whether she used ordinary care and prudence. City of Springfield v. Rosenmeyer, 52 Ill. App. 301.

The appellee's case does not fall in the class of those referred to by Mr. Justice Scholfield in C., M. & St. P. R. R. Co. v. Halsey, 33 Ill. 254, who " permit themselves to become absorbed in thoughts about other matters and in consequence oblivious to present surroundings."

Her surroundings at the time were a source of concern to her. She was not absorbed in thought about other matters and oblivious to things about her, but was anxious and uneasy because of the situation, and in the midst of her apprehensions momentarily forgot one source of danger. This was proper for consideration upon the question of the degree of care used, but not conclusive.

The injuries received by the appellee were quite serious and painful, possibly, if not probably, permanent in character. It is not manifest but that the evidence warranted the belief the chances for permanent recovery were slight.

Damages in such a case must be committed largely to the sound discretion of a jury. We do not feel warranted in declaring the discretion thus vested in the jury was unreasonably exercised in this case.

The judgment is affirmed.