# City of Taylorville v. Mary A. Stafford.

1. EVIDENCE—*In Actions for Injuries Sustained upon Defective Side-walks—Notice.*—In an action for an injury sustained upon a defective sidewalk the plaintiff has the right to show the bad condition of the walk at other points in close proximity to the place where the injury occurred, and the length of time such condition had existed, as tending to show notice to the municipal authorities.

2. SAME—*Of Similar Accidents at the Same Place.*—In an action for injuries resulting from a fall upon a defective sidewalk, proof that other persons had met with similar accidents at the same place, is proper as tending to show the dangerous condition of the walk.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

LEROY ANDERSON, City Attorney, HOGAN & DRENNAN and JAS. B. RICKS, attorneys for appellant.

J. C. & W. B. McBRIDE, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment of $1,000 for injuries sustained by her in tripping and falling over a stub projecting from one of appellant's sidewalks.

The chief ground for urging a reversal is that the verdict is not supported by the evidence. The evidence shows that while appellee, an elderly lady, was passing along one of appellant's plank sidewalks, she struck her foot against a wooden stub which projected above the sidewalk about two inches, and was thereby thrown to the ground with such force as to break her left arm. The sidewalk was a three plank walk, the plank running lengthwise on cross-stringers. At the point where appellee was injured, one of the planks had become decayed, and the city authorities, instead of replacing it with a sound plank, had removed the decayed part, and to fill the space thus left, had nailed down a wooden strip two feet long. The strip was laid

flush with the plank, one end resting on a cross-stringer. It was not long enough to fill up the entire space and a stub, one and three-fourths by two inches at the top, was driven into the ground at the other end to fill up the uncovered part.   When placed, the stub was flush with the strip, but with the freezing and thawing of the ground, had worked up above the walk about two inches.   It had been in that condition four or five weeks, when appellee stumbled over it.   It is vigorously contended that the stub was of such infinitesimal proportions that the city should not be charged with negligence for allowing it to remain in that condition.   We can not take that view of it.   It was of such proportions as to cause appellee to fall and break her arm.   Several other persons had stumbled over it; one witness had, but a few hours before appellee was hurt.   It was a menace to persons traveling over the walk by night or by day; and it had been in existence for such a length of time as to justify an inference of notice to the city authorities.

It is claimed that appellee is not entitled to recover for the reason that she was not in the exercise of ordinary care for her own safety.   It is argued that common observation would have discovered to her the stub and that she could have avoided it by walking on the other side of the walk, where there was plenty of room.   While this contention does not harmonize very well with the "infinitesimal proportions" one, we will simply say in answer to it that the evidence shows that the stub was of the same color as the plank and that it was not such as to readily attract attention.   Appellee knew nothing of its presence, and, being sixty-five years old, was of the age usually accompanied by failing eyesight.   She was walking at a moderate rate and was giving usual observation as to where she was stepping. The jury were fully justified in saying, as they did by their verdict, that appellee was in the exercise of ordinary care for her own safety.

It is urged that the court erred in allowing proof of the existence of other like stubs near to and of like condition

with the one that caused appellee's fall.   Appellee had the right to show the bad condition of the walk at other points in close proximity to where she was hurt and the length of time that condition had existed, as tending to prove notice to the city.   Proof of similar dangerous stubs all along the walk in question and near by would show a state of facts from which notice of the defective condition ought fairly to be inferred.   Brownlee v. Village of Alexis, 39 Ill. App. 135; City of Shelbyville v. Brant, 61 Ill. App. 153.

Proof that others had stumbled over the same stub was proper for the same reason and as tending to show its dangerous condition.   City of Bloomington v. Legg, 151 Ill. 9.

In view of the testimony of certain of appellant's witnesses conflicting with appellee's witnesses as to the height of the stub above the plank, it was proper for the court to allow in rebuttal that the stub had been driven down after the accident and before measurements were taken by appellant's witnesses.

Although there was no evidence on which to base the fourth instruction given for appellee, yet we can not see how it worked any serious harm to appellant.   We discover no error in the other instructions given for appellee, and to the contention that the court erred in refusing instructions asked by appellant, we only care to say that the instructions given in its behalf presented the law of the case and its defense in all its phases in as favorable a light as it was entitled to. Substantial justice has been done and the judgment will be affirmed.