THE ILLINOIS STEEL COMPANY

*v.*

JOHN OLSTE.

*Opinion filed February 21, 1905.*

1. TRIAL—*when personal injury case must go to the jury.* If
there is any evidence tending to show that the plaintiff in a per-
sonal injury case was exercising due care for his safety before and
at the time of the injury, and that the injury resulted from the neg-
ligence of the defendant in respect to a matter it had undertaken to
perform, the case should be submitted to the jury.

2. NEGLIGENCE—*when recovery cannot be defeated on ground
of disobedience of order.* The disobedience, by an ore shoveler, of
an order not to shovel ore under an overhanging crust at a certain
place in the ore pile cannot be urged as defeating his right of re-
covery for injuries received from falling crust in another part of

the pile, where he was working in obedience to an order of his foreman to assist in pushing out a loaded wheelbarrow of ore.

3. SAME—*question of negligence is ordinarily one of fact.* If, under the facts admitted or conclusively proven, there is no substantial ground for reasonable minds to reach different conclusions upon the question of the defendant's negligence, the question is one of law; otherwise it is always a question of fact.

4. APPEALS AND ERRORS—*when Appellate Court's judgment is conclusive of a controverted fact.* If there is any competent testimony which, with all reasonable inferences to be drawn therefrom, fairly tends to prove a controverted fact in a suit at law, the judgment of the Appellate Court is final and conclusive of such fact.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

JOHN H. GARNSEY, (KEMPER K. KNAPP, of counsel,) for plaintiff in error.

BARR, BARR & BARR, and J. W. DOWNEY, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case brought by the defendant in error, John Olste, against the plaintiff in error, the Illinois Steel Company, to recover for personal injuries sustained while working at its mill in Joliet. Upon the trial judgment was rendered for $7000, which has been affirmed by the Appellate Court, from which affirmance this writ of error has been sued out.

At the close of the evidence the defendant submitted the usual instruction in writing to the jury to find for it, which the court refused to give. The only ground of reversal insisted upon here is that the court erred in refusing that instruction, the contention being that the evidence did not prove, or tend to prove, the plaintiff's cause of action as alleged in his declaration.

The allegation is, that the plaintiff was in the employ of the defendant in removing ore for the defendant from a pile at its mill in the city of Joliet, and that it was then and there the duty of the defendant to have and keep the sides of said pile of ore in such shape and so supported that it would not fall and injure the persons employed in its removal, and to provide the plaintiff with a reasonably safe place in which to perform his work, but that it wholly failed to do so, but negligently permitted and allowed the side of a pile of ore which was being removed by the plaintiff and others, to become and to remain so steep, unsupported and overhanging that the under part of said pile would not support the upper part of the same, whereby the plaintiff was then and there injured by a lump or quantity of ore falling from above upon him and crushing his arm.

The evidence shows that the defendant was operating furnaces at Joliet, where the plaintiff was employed by it to remove ore from where it was dumped out of cars, to the furnace. The pile of the dumped ore was about twenty-five feet high. It was shoveled into barrows and pushed along the track from the dump to the furnaces. In freezing weather a crust three to six feet thick formed on the top of the pile of ore, and it was necessary to have a gang of men to loosen and break this crust so that it would not fall upon and injure the men engaged in loading and wheeling at the base of the pile, which duty the defendant undertook to perform. The plaintiff was engaged in loading and helping to push the barrows, as above stated, under a foreman employed by the defendant. In shoveling out from the base of the pile the crust on the ore would project out over the place where the men were working below, thereby exposing them to the danger of ore falling from above unless the crust was kept broken down. At the time of the accident the plaintiff had been called from the place where he was shoveling ore into a barrow to assist in pushing out a load which had been shoveled by another workman, and while he was thus as-

sisting in pushing the barrow a large chunk or piece of frozen ore fell from above, crushing his arm and inflicting a permanent and serious injury upon him.

The contention of counsel for the plaintiff in error is, that the court below improperly refused the peremptory instruction to the jury, because the evidence wholly fails to show that the plaintiff was himself, at the time of the accident, in the exercise of due care for his own safety; also, that under the evidence he assumed the risk of the accident which caused his injury, and therefore cannot recover. It cannot be seriously contended that he assumed the risk of being injured through the want of due care on the part of his employer, and there is no contention here that there is not some evidence tending to prove that the defendant did not exercise proper care in providing the plaintiff a reasonably safe place in which to work. On the other hand, the evidence does show that the men who were breaking down the crust on the day of the accident were in charge of a foreman named Wiley, who testified that he could not get the crust broken down and keep it broken down with the number of men furnished him by the defendant, and there is no controversy as to the fact that the injury resulted from the ore above falling upon the plaintiff because of its not being properly broken down, but left projecting and overhanging.

As to the question of the plaintiff being in the exercise of due care for his own safety the evidence is conflicting, but it cannot be said that there is no testimony fairly tending to prove plaintiff's theory that he was not guilty of contributory negligence. There is evidence to the effect that he was ordered by one Rosenfield, a foreman of the defendant, to work at the place where he was injured, and that he was at the place in obedience to that order. It is true, there is testimony that he was warned not to work under the overhanging crust and that he did so in violation of such orders of his foreman. That testimony, however, is, that he was warned against shoveling at a particular place at the foot of the pile

of ore by the foreman, but at the time of his injury he was assisting in shoving the barrow along the track,—a different place from that at which he had been warned not to work. Therefore, even though he had been told to keep out from under the overhanging crust,—as to which fact the evidence is conflicting,—the testimony being undisputed that he was ordered to assist in shoving the barrow at a place which proved to be dangerous, his right to recover cannot be defeated on the ground that he disobeyed the other order not to work under the overhanging ore.

Counsel on either side seem to argue the case largely as though it were a question of fact depending upon the weight of the evidence as to whether the plaintiff was guilty of negligence. If, from the facts admitted in a given case or conclusively proved, there is no substantial ground for reasonable minds to reach different conclusions upon a question, then such question may become one of law, (*Western Stone Co.* v. *Whalen,* 151 Ill. 472; *Ward* v. *Chicago and Northwestern Railway Co.* 165 id. 462; *Wabash Railway Co.* v. *Brown,* 152 id. 484; *Heimann* v. *Kinnare,* 190 id. 156; *Browne* v. *Siegel, Cooper & Co.* 191 id. 226; *Pressed Steel Car Co.* v. *Herath,* 207 id. 576;) otherwise it is always a question of fact; or, as we have frequently stated the rule, if there is any competent testimony which, with all the reasonable inferences to be drawn from it, fairly tends to prove the controverted fact, the judgment of the Appellate Court is final and conclusive as to such fact. Applying the rule to this case, the trial court properly refused to withdraw it from the jury.

The judgment of the Appellate Court will accordingly be affirmed.                              *Judgment affirmed.*