## Illinois Central Railroad Company v. Harry Stewart.

1. STATUTORY REGULATIONS—*railroad company cannot delegate.* It is not within the power of a railroad company to delegate the performance of statutory regulations imposed upon it. So held in a case where the obligation was to construct and maintain railroad crossings and approaches.

2. VERDICT—*when not excessive.* In an action on the case for personal injuries, a verdict of $1,300 is held not excessive, where it appears that the plaintiff, at the time of his injury, was sixteen years of age, and where the evidence justified the conclusion that as a result of the injury the plaintiff's arm was in an abnormal position and that he had permanently lost one-half of its normal use and that a permanent soreness would continue.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

CHARLES L. CAPEN, for appellant; JOHN G. DRENNAN, of counsel.

LILLARD & WILLIAMS and N. W. BRANDICAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted by appellee, a minor, by his next friend, against appellant, to recover damages for a personal injury alleged to have been sustained by appellee through the negligence of appellant. There was a verdict and judgment in the Circuit Court against appellant for $1,300.

Appellant has two railroad tracks running north and south through the village of Heyworth and crossing Main street in said village. For some time prior to the injury, a board sidewalk five feet in width existed on the north side of Main street and across the tracks of appellant. In July, 1904, the municipal authorities of the village passed certain ordinances

198    Appellate Courts of Illinois.

Vol. 130.]        Ill. Cent. R. R. Co. v. Stewart.

requiring the construction by the property owners of a concrete sidewalk, eight feet in width on Main street, in lieu of the board sidewalk, and for changing the grade of Main street.

In October, 1904, appellant, with the permission of the municipal authorities, constructed a plank crossing, eight feet in width across its tracks, extending from west to east from the ends of the ties on the west side of the west track to the ends of the ties on the east side of the east track, and at the grade re-quired by the ordinance, or designated by the village authorities. Appellant was permitted to construct a plank walk across its tracks in lieu of the concrete walk required by the ordinance, because of its objection that a concrete walk would be liable to become broken by the jar of moving trains. When completed, the plank crossing connected with the old board walk, but owing to the required change in grade, it was three to four inches higher than the old walk, and its north line was about two feet south of the north line of the old walk. The ordinance provided that upon the failure of the property owner to construct the concrete walk within thirty days after the publication of the ordinance the village should construct such walk and collect the cost thereof by special tax. Appellant refused to allow the village authorities to construct the walk across its tracks, but it was agreed that the remaining portion of the walk which appellant was required to construct across its right of way, and which might well have been constructed of concrete, should be constructed by the village and paid for by appellant.

About ten days after appellant had constructed the plank walk across its tracks, and before the concrete had been constructed by the village to connect with such plank walk, appellee, while walking west on the old walk on the north side of Main street, stumbled on the projection caused by the plank walk being

three or four inches higher than the old walk, and fell, sustaining the injury complained of.

It is strenuously urged on behalf of appellant that the plank walk across its tracks was constructed, not for its own benefit, or at its own instance, but solely in obedience to the mandates of the village ordinances, and, therefore, that appellee has no cause of action against appellant; that his sole right of action, if any, is against the village.

The position of appellant in this regard may be best illustrated by quoting its ninth refused instruction, which it insists should have been given to the jury. The instruction is as follows:

"9. The court instructs you that if you believe from the evidence the defendant built the part of the sidewalk it did build over its railroad track, and immediately adjacent thereto, under the mandate and requirements of the Village of Heyworth, and if you further believe from the evidence that the defendant built it of the dimensions and at the grade or level so required by the said Village, under an arrangement with the said village, that the village should construct a sidewalk to connect therewith, then, in such case, the entire duty of the defendant in that regard was done; and it then and there became and was the duty of the village to construct the part of the said sidewalk it had undertaken to build, if any, and to connect its part with the part that had been constructed by the defendant, or to see that a reasonably safe approach thereto was made, so that pedestrians in the exercise of ordinary care would not receive injury. And if you believe from the evidence the facts and circumstances are as above stated, and if you further believe from the evidence, the work done by the defendant had been approved and accepted by the village several days before the plaintiff was hurt, then, and in such case, the defendant is not liable in this suit, and you verdict should be for the defendant."

Unquestionably, the power to determine the location, character of material and grade of sidewalks

200 APPELLATE COURTS OF ILLINOIS.

VOL. 130.]      Ill. Cent. R. R. Co. v. Stewart.

within the limits of a municipality is lodged in the authorities of such municipality, but the statute in express terms imposes the duty upon the railroad corporations to construct and maintain, at all railroad crossings of highways and streets in this state, crossings and the approaches thereto, within the respective rights of way of such railroad corporations, so that at all times such crossings and the approaches thereto shall be safe as to persons and property. Hurd's Stat. 1903, chap. 24, par. 71. This duty, so imposed upon railroad corporations, cannot be delegated by them so as to enable them to escape liability to a person injured, where there has been a failure to perform such duty. It cannot be successfully controverted that the place where appellee was injured was at a crossing or approach thereto, within the meaning of the statute, and we do not understand that appellant insists to the contrary. If the act of appellant in permitting the plank walk constituting the crossing or approach thereto, across its tracks, to rise perpendicularly three or four inches above the old walk, was actionable negligence, and appellee's injury was the result of such negligence, appellant is liable in damages.

It is next insisted that a perpendicular step of three or four inches in a sidewalk cannot be held to be actionable negligence. What constitues negligence is ordinarily a question of fact for a jury. Ill. Steel Co. v. Olste, 214 Ill. 181. The ordinance of the village of Heyworth did not contemplate or provide for a step at the place appellee was injured, and prior to the construction by appellant of the plank walk across its tracks, the sidewalk there was upon a grade, unbroken by steps or jogs. In the case of Chicago v. Bixby, 84 Ill. 82, cited by appellant, a portion of the sidewalk was up to grade and a portion ten or twelve inches below grade, and a step had been placed at the intersection of the two portions of the

walk to enable persons to pass conveniently. The step had been in the same place for a considerable length of time, and the plaintiff had actual knowledge of its location and had passed over the place a thousand times. The negligence of the city, relied upon to sustain a recovery, was not, as we understand it, in the construction and maintenance of the step, but rather the improper manner in which the step was constructed. The court held that the evidence did not support the contention of plaintiff as to the manner in which the step was constructed, but rather that plaintiff's injury was the result of an accident occasioned by her foot slipping on ice. In City of Taylorville v. Stafford, 99 Ill. App. 418, affirmed in 196 Ill. 288, it was held by this court, that the city was not improperly found guilty of negligence in permitting a wooden stub, one and three-fourths by two inches at the top, to protrude two inches above the surface of the sidewalk, and the city was called upon to respond in damages to a person who had stumbled on such stub and thereby sustained the injury complained of. We are not disposed to hold in the case at bar that the trial court erred in submitting to the jury the question, whether or not appellant was guilty of negligence in the performance of the duty imposed upon it by the statute, or that the finding of the jury in that regard is not sustained by the evidence.

It is urged on behalf of appellant that appellee was not in the exercise of ordinary care for his own safety at the time he was injured; that he was guilty of negligence in the care of his arm which largely contributed to the injury complained of; and that the damages are excessive.

Appellee lived in the country a short distance from Heyworth, and on the evening of October 11, 1904, he had driven to that village with his mother. After tying his horse, he proceeded to walk west on the sidewalk on the north side of Main street, until he

202    APPELLATE COURTS OF ILLINOIS.

VOL. 130.]    Ill. Cent. R. R. Co. v. Stewart.

reached the place where the plank walk, constructed by appellant, joined such old walk, when he stumbled against the perpendicular rise and fell fracturing both bones of his forearm, and fracturing and dislocating the styloid process. The accident occurred at about seven o'clock. Appellee, although he had frequently walked over the same course before the plank walk was constructed by appellant, had not had occasion to do so since such plank walk was constructed. On the former occasions when he had walked over the same course, the sidewalk for its entire length and across appellant's tracks was at grade, without steps or jogs. He had no knowledge of the changed condition, and appears to have been walking in an ordinarily careful manner. The evidence is sharply conflicting upon the question as to whether there was sufficient light to enable appellee, in the exercise of ordinary care, to have seen and avoided the step. Several witnesses called on behalf of appellee testified that it was too dark to distinguish the step, and that the street lamp did not afford sufficient light for that purpose, and several witnesses called on behalf of appellant testified to a contrary state of facts. We are content to abide the verdict of the jury upon that issue.

We have carefully considered the evidence bearing upon the question of the care exercised by appellee in the use and treatment of his arm after the injury and do not think it sustains appellant's contention that appellee was lacking in ordinary care in that regard.

At the time of his injury appellee was sixteen years of age. The evidence justified the conclusion that as a result of the injury appellee's arm is in an abnormal position; that he had permanently lost one-half of its normal use; and that there will be a permanent soreness in the arm and the styloid process. We cannot say that the verdict and judgment is excessive.

Other questions are raised by appellant, but they are covered, in the main, by what has been heretofore said concerning the liability of appellant, and it is unnecessary to discuss them in detail. The record is free from substantial error and the judgment will be affirmed.

*Affirmed.*