## Louise Trojan, Appellee, v. City of Blue Island, Appellant.

### Gen. No. 46,801.

First District, Second Division.

April 24, 1956.

Released for publication May 15, 1956.

Paul R. Schreiber, of Blue Island, for appellant; John Dooley, of Chicago, of counsel.

Kamin & Gleason, of Chicago, for appellee.

JUDGE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict for $7,500 for injuries sustained by plaintiff as the result of a fall on a sidewalk. Defendant relies on two points:

(1) That the evidence does not disclose actual or constructive notice to it of the existence of the defect complained of; and

(2) That plaintiff was not in the exercise of due care for her own safety.

A third point relating to error in instructions was waived upon oral argument.

The accident occurred at 3:30 p.m., January 26, 1951, on a sidewalk in front of a hospital in Blue Island. Plaintiff and her son had gone to the hospital about 2 p.m. to visit her husband. After leaving the hospital they walked on the sidewalk a few feet and plaintiff then stepped into a hole caused by the breaking or disintegration of the cement walk and sustained the injuries complained of. She was taken back to the hospital immediately and given the necessary care and attention. As no complaint is made with respect to the damages, there is no occasion to detail the injuries.

The hole in question extended from the street edge two-thirds to three-fourths of the way across the side-

48

walk and was described by plaintiff's son as being from 10 to 14 inches wide, tapering down to 4 or 5 inches, about 4 or 5 inches deep, and 3-1/2 to 4 feet long. Thus, it was a defect of substantial size and character and readily discernible. The only evidence offered by defendant was that of two police officers. Both said they had never examined the sidewalk before the accident; that they went there on the same day, after the accident, but could not see the defect because shortly after the accident a fall of snow covered the hole. According to the testimony offered by plaintiff, a retaining wall for the hospital grounds adjoins the sidewalk at the point where she fell and that portion of the sidewalk immediately adjoining the wall is so pitched as to afford some drainage. Leakage therefrom can, of course, produce ice. There was ice on the sidewalk near the retaining wall and as plaintiff, who was 60 years old and was walking with her son, reached the point where the ice was, her son saw the ice, took her arm and drew her closer to the street side of the walk to by-pass it. A few seconds later she stepped into the hole.

Plaintiff's son testified that from his observation he would estimate that the hole had been there for a period of one to two months. He admitted it was hard to tell, but felt it was there at least a month. The question presented to us is whether this was adequate proof that the city had notice of the defect in time to remedy it. On this point it should first be noted that the hole was, as we have said, substantial and readily discernible. Proof of notice to a city of a dangerous condition such as this can seldom be made by evidence of direct communication with city officers prior to the accident. If the city had any such direct notice, the injured person would not be likely to know how to get such evidence. Hence, courts have had the problem, from the inception of these cases, of determining what, in justice to litigants would be adequate proof of notice

49

to a city. They have taken into account conspicuity and length of time as evidence on this issue.

In Baker v. City of Granite City, 311 Ill. App. 586, a witness for the plaintiff testified that a flange or rim of a catch basin was badly corroded and that the lower edge of the cover was worn off "as thin as a piece of cardboard." This the court held was proof that the defect had been there a sufficient length of time to constitute constructive notice to the city of its existence. The court took into account the fact that no inspection was made of the cover from the time it was installed until after the accident six months later. The court also affirmed the general rule that the issue is for the jury to decide.

In City of Taylorville v. Stafford, 196 Ill. 288, affirming 99 Ill. App. 418, the plaintiff was injured by stumbling over a staub (stake) driven into the ground to fill a hole in a sidewalk. The stake had worked its way two inches above the rest of the walk. The court permitted the plaintiff to show that there were other stakes in the neighborhood which had worked up above the walks. This, it was held, was adequate to prove notice.

In Shepard v. City of Aurora, 5 Ill.App.2d 12, a metal trap door in a sidewalk appears to have been the cause of a fall. It had a flange around it with a raise of about 1-1/2 inches in the northeast corner which "appears to have been a gradual matter starting part way back or south along the east edge of the flange." The testimony showed that other people had stumbled on the trap door prior to the accident. While there was no positive evidence, the court thought it was a fair inference that plaintiff's shoe did not clear the raise. The court held that the record sufficiently indicated constructive notice to the city.

In our opinion the size and nature of the hole in the sidewalk in the instant case is such that it was proper for the witness to estimate the length of time

it had been there as a month or two, and his statement about being doubtful as to the precise length of time was the statement of a conscientious witness. It does not destroy the value of his testimony.

Another factor to be taken into account on the issue of notice is that the city knew about the accident shortly after it occurred and yet offered no evidence with respect to the defect nor any estimate of the length of time the hole had been there prior to the accident. The only excuse offered for this was that the policemen who went there after the accident found the hole covered with snow and were unable to see it. Apparently they made no further effort to investigate the cause of the accident.

 On the question of contributory negligence, the city argues that according to plaintiff's testimony she did not have her eyes on the sidewalk at the time she stepped into the hole. Plaintiff acknowledges that she was talking to her son and looking at him part of the time and at other times, looking at the sidewalk. In other words, she was walking along with her son in a normal fashion, without thought of an accident. A pedestrian may ordinarily assume that a sidewalk is in a reasonably safe condition and he is not absolutely bound to keep his eyes on the sidewalk in search of possible defects. City of Chicago v. Babcock, 143 Ill. 358, 363; Graham v. City of Chicago, 346 Ill. 638, affirming 260 Ill. App. 590; Shepard v. City of Aurora, 5 Ill.App.2d 12. The fact that a pedestrian is familiar with a sidewalk and knows of a particular defect is not conclusive against a plaintiff on the question of contributory negligence. Village of Cullom v. Justice, 161 Ill. 372; City of Streator v. Chrisman, 182 Ill. 215; City of Springfield v. Rosenmeyer, 52 Ill. App. 301; City of San Diego v. Perry, 124 F.2d 629.

Defendant relies on Walter v. City of Rockford, 332 Ill. App. 243. There, the plaintiff charged that the city had permitted the surface of a cement sidewalk

51

to be and remain in a broken and raised condition. The court thought it was a fair inference from all the evidence that the injury was caused by a three-fourths inch crack between slabs in the concrete walk and the fact that a portion of one of the slabs was about *one inch higher* than the adjoining section, that the plaintiff did not raise her foot sufficiently high to clear the one inch raise, and as a consequence, stumbled. In distinguishing this case the court in Shepard v. City of Aurora, supra, called attention to the fact that in the Walter case the plaintiff apparently had a clear, unobstructed view of at least fifteen feet and could see that there was a box and boards surrounding a fresh piece of cement a few feet from the claimed defect which should have called her attention to the condition. That is quite different from the facts presented in the instant case.

Defendant also cites Fleming v. City of Rockford, 303 Ill. App. 224. There, the plaintiff was walking with her daughter who was wheeling a baby carriage. She called her daughter's attention to a car which was being pushed in their direction and "might start up and hit the baby cab." Just as she spoke, she stepped into a hole in the walk and fell. The court held that she was guilty of contributory negligence. We do not think that case is in conformity with the more persuasive authorities we have cited.

In our opinion the court properly submitted the issues in the instant case to the jury and there is ample evidence to sustain the verdict.

Judgment affirmed.

McCORMICK, P. J. and ROBSON, J., concur.