(No. 4674-

BENJAMIN M. ANDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

IRVING W. EISERMAN AND EARL E. FRIEDLANDER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; THOMAS G. CRONIN, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On April 18, 1955, claimant filed his complaint seeking damages in the amount of $7,500.00 for the alleged negligence of respondent in failing to maintain a public highway in LaGrange Highlands in a safe condition.

The record consists of the following:

1. Complaint.
2. Answer.
3. Departmental Report.
4. Transcript of evidence.
5. Brief and argument of claimant.

The facts of the case are as follows:

On July 31, 1954, claimant resided at 1720 W. 55th Street, LaGrange Highlands, Illinois. About 9:45 P.M.,

claimant was crossing 55th Street, and tripped over a steel rod, which was alongside of the road, and fractured his right wrist. Claimant was an engineer for Armour and Company, and had resided in the neighborhood about three years.

In June, 1953, because of the hot weather, the highway adjacent to 1712 55th Street expanded, which resulted in a 'blow-up'', and allowed the steel rods on each side of the highway in front of 1712 to 1715 55th Street to protrude.

The Highway Department was notified, and the following day put up barriers. About two days later, the highway was filled in with asphalt, but the steel rods on each side of the highway, which are used as reinforcing rods, were allowed to remain in a raised condition. The neighborhood is dark, and has no street lights. Claimant could not pin point the exact location, but knew approximately where the upraised rods were to be found.

On the night in question, at about 9:30 P.M., claimant had gone across the street to visit a neighbor. It was a very dark night, and he crossed 55th Street safely. About fifteen minutes later, as he was returning to his home on what he thought was the same route he had previously traversed, his right leg caught in the steel rods, which were upraised, and he fell arms forward. As a result his right wrist was fractured, and his right arm was injured. His right arm was placed in a cast from the fingers to just below the right elbow. The cast was changed several times, but he was obliged to wear it for six or seven weeks. He was on vacation, which had just begun, so he had no actual loss of earnings. He returned to his employment, which, by that time, was in Omaha, Nebraska, but could only partially perform his work. While in Omaha,

Nebraska, he saw the company doctor, who made no charge, but gave him diathermy treatments four times a week for about three or four months. Prior to July 31, 1954, his right hand had been in perfect condition, but since the accident he has experienced numbness and stiffness in his hand, any change of weather gives him a good deal of pain, and he has trouble with his grip. He expended $81.00 to Dr. D. J. Freriks; $25.00 to McNeil Memorial Hospital; $15.00 to Dr. J. L. Grout; and $6.63 for drugs.

There is little dispute as to the facts with the exception of the Departmental Reports, which indicate that the pavement "blow-up" occurred in July of 1954, rather than 1953.

However, witnesses living in the neighborhood testified that the "blow-up" occurred in June of 1953, and that the raised reinforcing rods had been quite a nuisance for more than a year, prior to the date of the accident. Commissioner Presbrey found in his report that the condition complained of had occurred in June of 1953.

This Court has held that the state is not an insurer against accidents occurring on highway.

*Beenes* vs. *State of Illinois,* 21 C.C.R. 83.
*Terracino* vs. *State of Illinois,* 21 C.C.R. 177.

However, in this case, respondent had actual knowledge of the condition of the pavement, as it had erected temporary barricades until the area had been patched with a black top. The Departmental Report does not attempt to explain why the raised reinforcing rods were not removed, and the Court, therefore, finds that respondent was negligent in permitting this condition to remain for over a year.

Respondent urges that claimant was guilty of contributory negligence, as he admitted he knew of the rods for many months prior to the accident. A review of the evidence discloses that 55th Street was not lighted. The night in question was dark. Claimant had successfully crossed the highway at 9:30 P.M., and was returning home at 9:45 P.M. when the accident occurred.

In the case of *City of Springfield* vs. *Coe,* 69 Ill. App. 277, plaintiff was walking along a city street, which was being repaired. The accident occurred during the night time, and the street was not lighted. Plaintiff stepped into a hole, and broke her arm. A jury awarded her $2,000.00. The city sought to reverse the judgment on the ground of contributory negligence.

At page 280, the court said:

"The fact that though in possession of such knowledge she was not at the time thinking of the condition of the street did not necessarily bar recovery. Her admissions upon this point were proper for consideration, together with all the circumstances in proof, in arriving at a conclusion upon the ultimate question whether she used ordinary care and prudence."

Kenneth Reister, a neighbor, testified that the reinforcing rod was directly in front of his driveway, and that, for months prior to the accident, he had tried to get the road commissioner to remove it. He further stated that he tried to remove it.

In reviewing the evidence, the Court finds that claimant used ordinary care for his own safety, and, therefore, finds claimant was free from contributory negligence.

An award is, therefore, made to claimant in the amount of $127.63 for medical and hospital expenses. Since there was no loss of wages from his employment, an additional award of $1,000.00 is made for pain and suffering.