Bartkewich *v.* Billinger et al., Appellants.

Argued October 11, 1968. Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry E. Rea, Jr.*, with him *Brandt, Riester, Brandt & Malone*, for appellant.

*Thomas L. Cooper*, with him *McArdle & McLaughlin*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

This case comes to us after appellee received a jury verdict. Appellant appealed from the denial of its motions for a new trial and for a judgment n.o.v.

The evidence, viewed in the light most favorable to appellee, indicates that appellee, an experienced glass factory worker, was helping to operate a machine built for appellee's employer by appellant. The machine was built to specifications requested by the employer although appellant retained the right and discretion to install any necessary safety devices. The machine was used to break glass and stack glass strips.

On the day of the accident in question, appellee was working on the west side of the machine while his supervisor operated the controls which were on the east side of the machine. During the operating time, the supervisor departed, leaving appellee alone. Appellee noticed that glass was jamming at a place where it was

not unusual for this to occur, and believed that the machine was being damaged. He thus attempted to remove a piece of glass with his hand, but his glove caught in the machinery and he was injured. Appellee had not been given any specific instructions regarding the operation of the machine, or the dangers if any inherent in its use. Wooden sticks were provided, however, to break up glass jams.

Appellee claims, relying on the testimony of expert safety witnesses, that the machine that appellant provided was defectively designed in that it did not contain adequate safety features, such as an on-off switch on both sides of the machine, or a barrier or other guard to keep individuals from putting their extremities into the machine. We believe that on these facts, this case was improperly submitted to the jury, and its verdict cannot be allowed to stand.

Both parties agree that this case must be decided under Restatement 2d, Torts, §402A,[1] see *Webb v. Zern*, 422 Pa. 424, 220 A. 2d 853 (1966). Appellee argues that appellant's machine, without a device to prevent appellant from reaching into the mechanism, was in a "defective condition unreasonably dangerous to the user." Appellee's main reliance is on *Wright v. Massey-Harris, Inc.*, 68 Ill. App. 2d 70, 215 N.E. 2d 465

[1] "§402A. Special Liability of Seller of Product for Physical Harm to User or Consumer (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

(1966), where a farmer was injured when he reached into an operating cornshucker to remove jammed ears of corn. The court held that the question of whether the lack of a safety screen which would have prevented the farmer from reaching into the machine constituted a "defective condition unreasonably dangerous to the user" was for the jury. Although we believe that *Wright* is legally indistinguishable from the case before us, we choose to reject its result.[2]

There is no question, of course, that the lack of proper safety devices can constitute a defective design for which there may be recovery under §402A. See generally Dickerson, Products Liability: How Good Does A Product Have to Be?, 42 Ind. L.J. 301 (1967); Noel, Manufacturer's Negligence of Design or Directions for Use of a Product, 71 Yale L.J. 816, 822 (1962). We believe, however, that this rule should only apply to allow recovery where the absence of the safety device caused an accidental injury which was of the type that could be expected from the normal use of the product. Thus in *Blitzstein v. Ford Motor Co.*, 288 F. 2d 738 (5th Cir. 1961), the manufacturer was held liable for not including outlets or vents which would carry away gasoline or gasoline fumes, thus alleviating the risk of an explosion. Similar are cases which require potentially explosive devices such as coffee urns to have safety valves. See Noel, supra, at 824. Had appellant in this case been hit by a piece of flying glass that was able to strike him because its flight was not blocked by a safety wall, we would have a case analogous to *Blitzstein*. Likewise, had the farmer in the *Wright* case cut his foot or arm through an ac-

---

[2] We of course are in no way bound to follow the decision of an intermediate appellate court of another state. Furthermore, another panel of the Illinois Court of Appeals has refused to accept the reasoning of the *Wright* case. See *Brandenburg v. Weaver Manufacturing Co.*, 77 Ill. App. 2d 374, 222 N.E. 2d 348 (1966).

cidental contact with the shucker which was not prevented by a safety screen, he likely would have a valid §402A claim. Cf. *Siemer v. Midwest Mower Corp.*, 286 F. 2d 381 (8th Cir. 1961), in which the jury was permitted to decide whether a power mower which lacked a guard over the rear blades was defectively designed. But cf. *Campo v. Scofield*, 301 N.Y. 468, 95 N.E. 2d 802 (1950).

The situation in the case before us is not at all like those cited, except of course, for *Wright*. Here appellee voluntarily did exactly what obviously was dangerous—reached into an operating glass breaking machine. Appellee testified that he reached into the machine because he thought it was being damaged. If he thought the machine was being damaged, what did he think would happen to his hand? It is unfortunate that appellee incurred a serious injury, but we do not believe that appellant was obligated to build a machine that was designed not only to keep glass in, but also to keep people out. Nor do we believe that appellant was required to strategically locate on-off switches around the machine, in the expectation that someone like appellee here, would put himself in an obviously dangerous position by reaching into the moving machine rather than walking around to where he knew the controls were. Appellee's evidence indicated that glass jams were likely to occur at the exact place where this one developed, but that hardly means that the place of the jam necessarily is a place where a switch should be located. The whole point is that there was no need for appellee to be at the spot where the jam occurred to prevent damage to the machine; the switch was easily accessible and would have provided a safe and efficient means of stopping it.

We find the case of *Messina v. Clark Equipment Company*, 263 F. 2d 291 (2d Cir. 1959), to be persua-

sive. In *Messina*, plaintiff's decedent stepped out of the cab of his earth moving machine and was crushed by a falling bucket. Testimony was introduced to prove that the absence of a device which prevented the operator from leaving the cab while the bucket was raised was unsafe. The court affirmed the dismissal of plaintiff's case because decedent knew of the defect.[3] Here too appellee knew there was no guard rail, and certainly should have appreciated the danger of placing his hand in an operating glass-breaking machine. We do not believe that appellant was required to install a guard rail which would prevent a person from *voluntarily putting himself* at so obvious a risk. Appellant was entitled to believe that the machine would be used in its usual manner, and need not be an insurer for the extraordinary risks an operator might choose to take.

We also believe there is no merit in appellee's contention that he was not properly instructed as to how to operate the machine. This case does not involve any mis-operation that caused injury. And we hardly believe it is any more necessary to tell an experienced factory worker that he should not put his hand into a machine that is at that moment breaking glass than it would be necessary to tell a zookeeper to keep his head out of a hippopotamus' mouth.

The judgment of the Court of Common Pleas of Allegheny County is reversed and the case is remanded

---

[3] *Messina* was decided under New York's "latent defect rule," see *Campo v. Scofield*, 301 N.Y. 468, 95 N.E. 2d 802 (1950), which denied recovery to a worker whose hands *accidentally* became caught in machine rollers while he was performing his usual job. Plaintiff claimed that it was unsafe for the machine to have neither a guard nor an emergency stop switch, but the court allowed a directed verdict for defendant to stand because there was no evidence that plaintiff was unaware of the danger. We in no way mean to imply by our discussion of *Messina* that we are adopting the "latent defect" test or approving of the decision in *Campo*.

with directions to enter a judgment n.o.v. in favor of appellant.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.