Woodrow F. **RHOADS**, Administrator of the Estate of Mary Matthews Rhoads, Deceased, and Woodrow F. Rhoads, Individually

v.

**FORD MOTOR COMPANY**, a corporation

v.

Woodrow F. **RHOADS**, Individually, Civ. A. No. 69–1280.

United States District Court, W. D. Pennsylvania. April 25, 1974.

**1318**

John E. Evans, Pittsburgh, Pa., for plaintiff Rhoads.

Randall J. McConnell, Jr., Pittsburgh, Pa., for defendant and third-party plaintiff Ford Motor Co.

Gilbert E. Caroff, Johnstown, Pa., for third-party defendant Rhoads.

## MEMORANDUM

SORG, District Judge.

Woodrow F. Rhoads, plaintiff, sustained personal injuries and his wife, who was a passenger in the car he was driving, died as a result of injuries inflicted when the car veered off the road, struck a guard rail, and overturned. Plaintiff, in his individual capacity, alleging a dangerous defect in the steering mechanism of the automobile, brought this action as purchaser against Ford Motor Company, manufacturer, under § 402A of the Restatement of Torts 2d. As administrator of his wife's estate, he also brought action under the Pennsylvania Wrongful Death and Survival Statutes. Defendant Ford then joined Rhoads, individually, as Third-Party Defendant. Jurisdiction is based upon diversity of citizenship, Pennsylvania law governs, and the teachings of Pennsylvania Courts are controlling.

The case was submitted to a jury who returned the following:

## SPECIAL VERDICT

Was the accident which occurred on February 11, 1969, and which resulted in injuries to Woodrow F. Rhoads and the death of Mary Matthews Rhoads caused by a dangerously defective condition of the vehicle in which they were riding?

Answer ___ Yes ___

Was such defective condition in existence when the vehicle was sold by Ford Motor Company?

Answer ___ Yes ___

Was there any negligence on the part of Woodrow F. Rhoads in the manner of his operating the vehicle which was a proximate cause of the accident?

Answer ___ Yes ___

What were the damages sustained by Woodrow F. Rhoads by reason of his own injuries as a result of the accident which occurred on February 11, 1969?

$ ___ 8,238.75 ___

What were the damages sustained by the Estate of Mary Matthews Rhoads, deceased?

$ ___ 41,000.00 ___

What were the damages sustained by the survivors of Mary Matthews Rhoads, deceased?

$ ___ 103,166.97 ___

Thereupon the following judgment was entered:

IT IS ORDERED, ADJUDGED AND DECREED THAT:

Judgment be and the same is hereby entered in favor of Woodrow F. Rhoads, plaintiff, in the amount of $8,238.75; in favor of Woodrow F. Rhoads, Administrator of the Estate of Mary Matthews Rhoads, deceased, in the amount of $41,000.00; in favor of Woodrow F. Rhoads, Administrator on behalf of the survivors of Mary Matthews Rhoads, deceased, in the amount of $103,166.97 and against the Ford Motor Company, a corporation, defendant, together with costs.

IT IS FURTHER ORDERED THAT:

Judgment be and the same is hereby entered in favor of Woodrow F. Rhoads, third-party defendant, and against Ford Motor Company, a corporation, third-party plaintiff, together with costs.

Defendant Ford Motor Company now moves the Court to vacate the judgment entered and to enter judgment in its favor, asserting that there was not sufficient evidence to support the jury's finding of a defective product; that the evidence establishes plaintiff Rhoads' negligence as the sole proximate cause of the accident; and that the negligence of Rhoads bars recovery by him, either individually or as representative of his deceased wife and her survivors.

Third-Party Plaintiff Ford moves in the alternative, under Rule 59 of the Federal Rules of Civil Procedure, that judgment be entered against Woodrow F. Rhoads, Third-Party Defendant, in contribution, for one-half the amount of the damages awarded to the Estate of Mary Matthews Rhoads under the Survival Act and one-half the damages in favor of the survivors of Mary Matthews Rhoads under the Wrongful Death Act.

■ There was ample evidence adduced at trial to warrant a finding that the steering mechanism of the vehicle involved was dangerously defective, that the negligence of Rhoads was not a superseding cause of the accident and that it was, at most, a concurrent cause of his injuries and his wife's death. For the reasons hereinafter stated, Rhoads' concurrent negligence does not insulate Ford against liability for the consequences ensuing its sale of a defective product.

The motion for judgment n. o. v. will be denied.

With respect to the more challenging issues presented, the road to their resolution has not been clearly charted, but the pronouncements of the Supreme Court of Pennsylvania have set sufficient guideposts leading to the right of a negligent user to recover his own damages as well as his responsibility vel non to share with the seller of a dangerously defective product the damages accruing to a third person from their concurrent causation.

■ Pennsylvania law recognizes § 402A claims as actions *ex delicto*. Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966). Although strict product liability may be viewed as a mere extension of the doctrine of implied warranty of fitness for the use intended by the simple removal of the requirement of privity of contract between seller and user, Pennsylvania courts have assigned such liability to the field of torts. Bartkewich v. Billinger, 432 Pa. 351, 247 A.2d 603 (1968); Burbage v. Boiler Engineering and Supply Co., 433 Pa. 319, 249 A.2d 563 (1969); Woods v. Pleasant Hills Motor Company, 454 Pa. 224, 309 A.2d 698 (1973). Consideration of contributory negligence on the part of an injured user as a bar to recovery and his concurrent negligence as a basis of liability under the Uniform Contribution Among Joint Tortfeasors Act, 12 P.S. § 2082 et seq. is, therefore, required.

■ § 402A imposes upon the marketer of goods the burden of reparation for damages brought about by a defectively dangerous condition of his product. Whether this liability—manifestly a consumer-protection measure—is based upon the unequal risk-bearing ability between seller and user or the seller's superior expertise and opportunity to ameliorate the risk of harm, it must be treated as a social-policy principle in which the seller-protector and the protected user are not *in aequali juri*. Kasaab v. Central Soya, 432 Pa. 217, 246 A.2d 848 (1968) n. 6 at 854.

Accordingly, Pennsylvania courts have adopted and consistently applied the principles stated in Comment n of the Restatement of Torts to § 402A. They have spoken repeatedly of the voluntary assumption of a known risk as a defense and of the passive form of contributory negligence described in the Comment as a non-defense. They have also remained silent on the subject of active user negligence in cases where recovery was permitted under circumstances which clearly indicated an issue involving negligent conduct on the part of an injured

consumer.[1]   In Ferraro v. Ford Motor Co., 423 Pa. 324, 223 A.2d 746 (1966), the Court comments on Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966) as follows:

> "The question was not reached or ruled upon therein, as to whether or not contributory negligence or assumption of risk by the buyer would constitute a defense in such actions. After studied consideration, it appears to us that if the buyer knows of the defect and *voluntarily* and *unreasonably* proceeds to use the product or encounter a known danger, this should preclude recovery and constitute a complete defense to the action even in cases of strict liability. . . . We, therefore, adopt this as the law of Pennsylvania as a supplement to our ruling in Webb v. Zern, supra."

■   A priori, in the absence of any evidence in the record from which plaintiff's knowledge of the defect could properly be inferred, it is concluded that the negligence of ¡Woodrow F. Rhoads does not bar him from recovery of his damages, i. e., his property and personal injury damages as well as those arising from the death of his wife.

■   By the same token, application of the theory that a seller and a consumer are not *in aequali juri* disposes of Third-Party Plaintiff Ford's claim for contribution relating to damages accruing to the estate of Third-Party Defendant Rhoads' deceased wife under the Survival Act and to her survivors under the Wrongful Death Act.

Ford relies heavily upon Chamberlain v. Carborundum, 485 F.2d 31 (3 Cir. 1973), wherein a product manufacturer was awarded contribution from a negligent purchaser-employer in the matter of damages sustained by an injured consumer-employee, ·pointing out that Chamberlain establishes the right of contribution from a negligent purchaser, whether the purchaser happens to be an employer *or not*.[2]   It must be noted, however, that *Chamberlain* premises the issue of contribution on the *par delictum* of the parties dehors the seller-purchaser incidence.   The strict liability of the seller and the regulated safety responsibility of the employer placed the *Chamberlain* Third Parties *in pari delicto*.   Their *parallel duties* rendered them *in aequali juri*.   The anomaly of equal dereliction between parties not *in aequali juri* was not presented.[3]

---

1.  Comment n of the Restatement of Torts 2d, § 402A, page 356, reads as follows:

> "Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies.   Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence.   On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability.   If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

2.  In *Chamberlain* the lower court is quoted as follows:

> "This Court concludes that Carborundum (manufacturer) and Berwind (employer-purchaser) are joint tortfeasors *in pari delicto* whose derelictions concurred in producing the single result about which the plaintiff complains, the former under the duty to the plaintiff imposed by § 402(a), supra, and the latter by virtue of the duty incurred through the Pennsylvania Department of Labor and Industry Safety Regulations, supra, [respecting guards on grinding wheels].   Contribution between them is, therefore, appropriate."   (Parenthesis added).

At page 34, the Court added, however.

> . . . . . . "That in Carborundum's case the law imposes an absolute duty of care to manufacture a non-defective product, while in Berwind's case the law imposes only the standard of reasonable care seems to us quite irrelevant.   Relevant is the conjunction of defective performance of both duties, which produced the accident."

3.  As a further parallel, it should also be noted that the Pennsylvania Workmen's Com-

■ The Uniform Contribution Among Joint Tortfeasors Act, supra, rests upon equitable principles. It does not contemplate the sharing of responsibility among persons not *in pari delicto*, e. g., between an intentional tort-feasor and one who is merely negligent. It presupposes, therefore, that the joint tort-feasors it deals with are *in aequali juri*, a pre-requisite of *"in pari delicto"* status. The Act, which is the only vehicle of contribution in Pennsylvania, then, is not apposite to the unequal status of Ford and Rhoads.

The motions to vacate and/or amend the judgment will also be denied.

Defendant Ford Motor Company's Motion for a New Trial has also been carefully considered. The grounds set forth in support thereof are deemed to be without merit.

pensation Act, to which contribution in *Chamberlain* was limited, also imposes "strict liability" upon an employer-purchaser.