SAMUEL O. POLLARD *vs.* INHABITANTS OF WOBURN.

A town may be liable on the Gen. Sts. *c.* 44, § 22, for an injury resulting to a traveller from a defect in a highway, although the defective place is within the location of a railroad which crosses the highway on a level therewith.

In moving a building, by permission of a town, through a street which the town was bound to keep in repair, the ground was dug up around a post which obstructed the passage of the building, so as to cause the post to slope over and obstruct travel on the sidewalk, and at the base of the post on the side towards the carriageway there was left for several days an excavation across which some planks were laid, which at times were displaced so as to leave a hole a foot wide, open towards the carriageway. Between nine and ten o'clock on the evening of the fourth day after the moving of the building, three men, travelling on foot along the street, turned from the sidewalk into the carriageway, as they approached the obstruction, intending to pass around it, there being no sidewalk on the other side of the street. The night was dark and foggy; and there was no light on the street. Two of them had observed the hole during previous days. The third, though knowing of the removal of the building and generally of the obstruction and its danger-ous nature, had never observed or known of the hole. The two passed safely. The third, who was walking at ordinary speed, abreast with and inside from the second, sup-posed that he was far enough out in the carriageway for safety, but, in passing the hole, his foot, on the side next to it, slipped into it, and he was thereby injured. *Held*, that, on evidence of these facts, a jury was warranted in finding that he was using due care at the time of the accident.

TORT on the Gen. Sts. *c.* 44, § 22, for injuries resulting to the plaintiff from his falling into a hole in a highway in Woburn on the night of May 28, 1867. Trial, and verdict for the plain-tiff, before *Morton*, J., who allowed exceptions, the substance of which was as follows :

It appeared in evidence that, under a permit from the select-men of Woburn, a meeting-house was moved through Green Street in that town, which was a highway that the defendants were bound to keep in repair. The street was crossed, at grade by the railroad of the Woburn Branch Railroad Corporation and a board supported by posts and bearing an inscription warning of the approach of the engine was maintained at the

crossing, in conformity with the Gen. Sts. c. 63, § 84. The building being too large to pass between the posts, "this sign was taken down, and the post on the left hand side of the street was taken partly down, without removing it from the hole in which it was set in the ground, and rested upon the fence across the sidewalk, the earth having been dug up and away across the sidewalk for that purpose, and when the post leaned over leaving a hole on the side toward the street, which was covered with railroad sleepers and planks, the sleepers being from six to eight feet long. The building was removed through the street, and was all of it in its destined place, May 24. Previously to May 28, for many days this hole was at times covered, and at others was only partially covered; some of the sleepers were at times removed or displaced, and a hole a foot wide was sometimes uncovered towards the street, and next to it. There was no sidewalk upon the right hand side of Green Street; but there was a gravelled sidewalk upon the left hand side of the street, usually travelled by foot passengers going up the street."

Between nine and ten o'clock on the evening of May 28, the plaintiff, with Lincoln Emerson and Aaron Thompson, was going home, up Green Street. The night was dark; there was a fog; and there were no lights on the street. The sidewalk being narrow, Thompson walked ahead, and Emerson and the plaintiff followed, abreast, Emerson being on the side towards the carriageway. When they approached the obstruction formed by the post, they all turned out, in the same order, into the carriageway, to avoid it. They were walking at ordinary speed; all of them knew of the existence of the obstruction; and they turned into the carriageway "naturally," without making any allusion to it in their conversation with one another. Thompson and Emerson had on previous days observed the hole, left open by the occasional displacement of the planks; but the plaintiff, though he knew of the removal of the building and the general nature of the obstruction and that an excavation had been made about the post, and though he had two days before spoken to an acquaintance of the dangerous nature of

the obstruction and said that there ought to be a light there, yet never observed or knew of the open hole, and supposed that the excavation was completely covered by the planks. Thompson walked safely around the obstruction. And so did Emerson. But as the plaintiff, being on the inside from Emerson, was passing it, his left foot and leg slipped into the hole, and he thereby sustained severe injuries. Emerson, with Samuel G. Richardson, examined the place of the accident early on the following morning, and found that the hole was about two feet and a half deep and thirteen inches wide; that the distance from its outer edge to the nearest rut in the carriageway was about two feet; and that the earth on that edge appeared to have been broken down and to have fallen in.

The plaintiff himself, and Thompson, Emerson and Richardson, testified in behalf of the plaintiff; and their testimony, of which the foregoing includes the substance, was reported in full in the bill of exceptions. Among other things, Emerson testified that, at the time of the accident, the plaintiff " was close to me as we should naturally walk. I helped him out. Could not see the hole. I bore out enough, I supposed, to clear the hole. I gave him no warning." And the plaintiff, among other things, testified : " I supposed I was far enough into the street to avoid the place. Never noticed an open hole there. I did not turn further into the street, because I supposed I was out of all danger."

At the close of the plaintiff's evidence, the defendants requested, and the judge refused, a ruling that the plaintiff had not shown that he was using due care at the time of the accident.

The defendants then proved, that the place of the accident was within the location of the branch railroad ; that the post was taken down by servants of the Boston & Lowell Railroad Corporation by direction of the superintendent, " upon the application of some one, it did not appear whom ; " and that " the town had always, and within five years before the accident, repaired and maintained the way up to the rails of the railroad track, on either side, the railroad taking care of the planking

between the rails;" and at the conclusion of all the evidence they requested a ruling that, on it, as matter of law, they were not liable, which the judge refused and submitted the case to the jury.

*W. S. Gardner*, for the defendants.

*A. A. Ranney*, for the plaintiff.

CHAPMAN, C. J. The town was liable for an injury occa· sioned by a defect of the highway, though it was within the limits of the railroad as located. Gen. Sts. *c.* 63, §§ 60, 67, 69. *Davis* v. *Leominster*, 1 Allen, 184.

There was evidence tending to show that the plaintiff used ordinary care. The night being dark and foggy, the plaintiff and his companions could not see the hole; and the plaintiff did not know of its existence; but some sticks were placed loosely around it. They all turned to the right, and the plaintiff's purpose was to avoid the sticks, and he supposed he had turned far enough to avoid them. His companion who was walking close by his right side also supposed they had gone far enough to avoid them. But as the plaintiff was passing, he placed his left foot so near the hole that it went down. From all these circumstances the jury might reasonably infer that he used ordinary care, but stepped too near the hole by a mistake or miscalculation such as any ordinary person might be liable to make. *Exceptions overruled.*