Elwood J. Brandenburg, Plaintiff-Appellant, v. Weaver Manufacturing Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 10,774.

Fourth District.

December 22, 1966.

Rehearing denied January 12, 1967.

Horsley, Vespa & Lott, of Springfield, for appellant.

W. J. Simhauser, of Springfield, for appellee.

SMITH, J.

While using an automobile bumper jack to raise the front end of a Cadillac, plaintiff sustained serious injuries when the car slipped off the jack and fell on him. The trial court directed a verdict in favor of the defendant at the close of plaintiff's evidence and entered judgment accordingly. Plaintiff's thrust on this appeal is that the issue of defendant's negligence and plaintiff's due care are appropriately questions of fact for the jury.

The facts furnished little or no controversy. Plaintiff was a mechanic of 34 years' experience in brake and front end alignment repairs. He had used the jack frequently during the preceding 6 or 7 months without incident. Safety stands were available to him but he testified they were in the way for doing a brake repair job. He said that he placed the jack in the usual manner and felt with his hands to see that the jack was safely secured on the bumper. He had worked some 15 minutes when the Jack flew out and let the car fall on him. He knew that it was an experimental jack and he had made some suggestions for its improvement unrelated to the manner in which the accident occurred. No part of the jack broke or malfunc-

375

tioned. It simply slipped off the bumper. It was used by others to get the car off him. He testified that on no previous occasion had a car slipped off the pads while he was using the jack.

The jack was an experimental jack delivered to Firestone, plaintiff's employer, for experimental use. From time to time representatives of the defendant would stop by and check on the condition and functioning of the jack. Several changes were made on it during the period of its experimental use. Its feature was that it was mounted on weight-bearing wheels so that it would roll as it lifted a car, thus enabling it to remain perpendicular and not tilt as a stationary jack would do. The lifting arms of the jack were horizontally mobile so that the steel lifting pads would adjust to varying widths under the bumper of a car. These pads had edges or lips bent up to prevent slipping off the bumper. After the accident, the pads were provided with rubberized seats and the length of the lips were lengthened.

The plaintiff's complaint charged (a) delivery of the jack in a defective condition, (b) negligent manufacture so that it was not reasonably safe for its intended use, (c) negligent failure to test and inspect prior to delivery to plaintiff's employer, and (d) negligently failed to instruct in the use of the jack. The bill of particulars makes it clear that plaintiff relies on negligent design. Defendant's answer charged by way of affirmative defense that plaintiff's injuries were sustained by reason of (a) his failure to use safety stands under the automobile and (b) his failure to properly place the jack and to see that it was safely installed. Motion to strike such defenses was denied.

 Plaintiff relies heavily on Suvada v. White Motor Company, 32 Ill2d 612, 210 NE2d 182, where our Supreme Court extended the doctrine of strict tort liability to manufacturers of automotive parts. Plaintiff does not

deny that under Suvada he must prove that his injury resulted from (a) a condition of the product, (b) that the condition was an unreasonably dangerous one, and (c) that the condition existed at the time it left the manufacturer's control. The basic issue in this case is whether or not plaintiff's injuries resulted from the condition of the product as designed or whether it resulted from a negligent use by the plaintiff for a purpose for which it was designed and made. This issue is squarely presented by the affirmative defense. In short, was it the condition of the jack which produced the injury or was it a careless and negligent use of it by the plaintiff or both which produced the injuries? Suvada is a landmark decision which effectively destroys lack of privity as a defense. It decides the sufficiency of a complaint. We do not read it as providing the open sesame to the strongbox of producers nor that it ipso facto embalms and lays to rest defenses based on the fault, misuse or misconduct of the plaintiff which contributed in whole or in part to his injuries. We do not believe that it hatched a philosophy of liability without fault in products liability cases nor permits one to recover for injuries which are properly traceable to and occasioned by his own fault. Plaintiff must still prove that it was the unreasonably dangerous condition of the product which proximately caused the injuries.

We are not unmindful of the decision in Wright v. Massey-Harris, Inc., 68 Ill App2d 70, 215 NE2d 465. Like Suvada, they considered only the sufficiency of the complaint. We concur in the conclusion there reached on that issue but not with all that is said in the opinion. We do not consider either Suvada or Massey-Harris as controlling on the precise issues which we consider. We are not called upon to determine whether the instrumentality is reasonably or unreasonably dangerous or to differentiate between them—if there is a proper differentiation.

■ ■ Suvada makes it clear that the imposition of strict liability does not make Weaver an insurer as to the use of the product in the hands of subsequent users. The history of this jack makes it difficult to say that an unreasonably dangerous condition existed. Plaintiff himself testified: "When I would find a jack that would not fit under the car I wanted to work on I didn't have to use that type of jack. We had other means of lifting cars at the garage." In response to a question whether plaintiff had noticed anything that affected the safety of the jack, he said, "I think it was of making them arms longer, because I think we had talked about that." This confirms the testimony of plaintiff's witness Brammeier that he felt a bumper jack should not be used to contact a certain section of a Cadillac bumper for two reasons: "One is that it has a tendency to damage the bumper, and secondly, from a safety viewpoint the car will wiggle and will not stay stable on the two plates that the car sits on. I noticed this situation on several cars prior to Mr. Brandenburg's accident. We discussed this in the shop. . . ." Plaintiff further said no car had slipped off the pads when previously used by him. In Day v. Barber-Colman Company, 10 Ill App2d 494, 511, 135 NE2d 231, 239, it is said:

> ". . . Where a plaintiff is thoroughly familiar with a possible hazard involved in the performance of his job and with the means to avoid such, the fact that at a particular time he may have been momentarily unmindful thereof, forgetful thereof, or have overlooked the same does not absolve him from the duty of observing due care for his own safety: Munsen v. Illinois Northern Utilities Co. (1930) 258 Ill App 438. If a plaintiff has available to him two different methods or ways of doing a job, performing a task, or proceeding,—one previously tried and known to be safe,—the other either unknown and unexplored

378

or known to involve certain possible hazards,—and he chooses the method or way which is unknown and unexplored or known to involve certain possible hazards, and is injured in the process, he is contributorily negligent as a matter of law: Geraghty v. Burr Oak Lanes Inc. (1954) 2 Ill App2d 48. . . ."

■ Plaintiff's testimony considered in a light most favorable to him makes it clear that all jacks, including Weaver's, do not fit all cars; that he knew this fact; that he knew it applied to Cadillacs, and that he knew the arms were too short. Under Day, it seems apparent that the trial court correctly found that his own lack of due care in dealing with a known condition was the proximate cause of the accident.

The action of the trial court in directing the verdict was proper as a matter of law and it is affirmed. The rules of law which govern when a verdict may be properly directed in a given case were thoroughly discussed by this court in Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309, and need not be repeated here.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.