ALBERT B. ARMAGAST, Plaintiff-Appellant, *v.* THE MEDICI GALLERY AND COFFEE HOUSE, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-6

Opinion filed April 7, 1977.

Bradley, Bradley, Lyon & Nedderman, of Chicago, for appellant.

Yates, Goff, Gustafson & Been, P.C., of Chicago (Frederic L. Goff and John W. Gustafson, of counsel), for appellee The Medici Gallery and Coffee House, Inc.

Osterkamp and Jackson, and Jerome H. Torshen, Ltd., both of Chicago (Jerome H. Torshen and Sherwin S. Zeitlin, of counsel), for appellee Hermitage Corporation.

Mr. JUSTICE MEJDA delivered the opinion of the court:
This action arises from injuries suffered by the plaintiff on January 14,

1974, when he fell into an open trapdoor while delivering milk for his employer, Sidney Wanzer Dairy Co., to the Medici Gallery and Coffee House, Inc. (Medici), located at 1450 East 57th Street, Chicago. Suit was initiated against Medici and Peoples Gas, Light and Coke Company, which had allegedly opened the trapdoor to install a gas meter. Subsequently, defendant, Hermitage Corporation, whose employees were allegedly using the trapdoor to make repairs to the restaurant, was added as an additional party.

Plaintiff charged each defendant with various acts of negligence including the failure to provide barricades around the trapdoor. The defendants filed answers generally denying plaintiff's charges and moved for summary judgment on the basis that plaintiff had been contributorily negligent as a matter of law. The trial court granted defendants' motion, and it is from this ruling that plaintiff now appeals.

The sole issue on appeal is whether the trial court erred in finding plaintiff guilty of contributory negligence as a matter of law. We reverse and remand. The pertinent facts established by the documents of record follow.

Plaintiff had routinely delivered milk to Medici approximately three times a week over a four-year period. On Monday, January 14, 1974, he arrived to make his delivery at about 10:30 a.m. As was his usual custom, he unloaded four six-gallon dispensers of milk and eight quarts of half & half, placed them on his handcart and after knocking on the front door to gain entrance was admitted into the restaurant by Mrs. Roper, the Medici cook.

Upon entering the premises, plaintiff immediately proceeded to the rear of the building and placed the six-gallon containers in the walk-in cooler. At that time he happened to notice an employee of the gas company who appeared to be working on a gas meter located in that area. He then retraced his steps to the front of the building where the kitchen was located. He entered the dining room, which was adjacent to the kitchen, and placed the eight containers of half & half in an icebox located there. As was his custom, plaintiff then poured himself a cup of coffee from the coffee machine located next to the icebox and placed the empty half & half containers on his cart. He then walked into the kitchen to check on refilling the milk machine located there.

In order to enter the kitchen from the dining room, it is necessary to pass through a swinging door. Upon entering the kitchen plaintiff found that the milk machine did not need refilling. He then stood with his back to the swinging door, at a distance of approximately one foot, drinking his coffee and talking with Mrs. Roper. As he talked, plaintiff leaned against the door with his left shoulder and took one step back with his right foot.

While still talking with Mrs. Roper, plaintiff took another step, with his left foot, and fell through the open trapdoor sustaining his injuries.

The trapdoor through which plaintiff fell was located in the dining room area of the restaurant and was used by repairmen to gain access to the basement when repairs were necessary. Roger Vice, the Medici manager, testified on deposition that the trapdoor was rarely open. This was confirmed by plaintiff, who testified that he had only seen it open on one other occasion several years prior to the instant occurrence.

Plaintiff estimated that the trapdoor measured approximately 30 inches square and was located approximately two feet from the swinging door. When opened in the direction of the dining room, the door "probably" passed right over the middle of the trapdoor opening. On the day of the accident plaintiff noticed that the trapdoor was open as he was in the process of filling the icebox in the dining room. Plaintiff stated that he "evidently" walked around the opening as he entered the kitchen to check the milk machine.

Roger Vice stated that there were no particular barricades or other devices used to prevent someone from falling into the open trapdoor. However, he further stated that any necessary repair work would be done early in the morning when no one was around in order to avoid such an occurrence. If customers were present when the trapdoor was open, chairs would be placed both north and east of the opening to call attention to it.

Mr. Vice also testified that precautions were taken to prevent injuries to persons entering the dining room from the kitchen when the trapdoor was open. He testified that on occasion Mrs. Roper would warn persons that the trapdoor was open, and at other times a chair would be placed in the kitchen behind the swinging door so that it could not be opened.

Mrs. Roper testified that usually when the trapdoor was open, the swinging door in the kitchen would be propped open or chairs would be placed around the opening. At times both safety devices would be used. She further testified that both Mr. Vice and repair workers would employ these safety precautions.

Although Mrs. Roper was aware that the trapdoor was open on the morning of the accident, she did not advise plaintiff of it or warn him to be careful. Additionally, no chairs were placed around the opening and the kitchen door was not propped open.

OPINION

■■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57(3)) provides that summary judgment is appropriate "* * * if the pleadings, depositions, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Thus, summary judgment is proper when the issue is determinable solely as a question of law. (*Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 328 N.E.2d 595; *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.) In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits included therein most strictly against the moving party and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543; *Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 243 N.E.2d 40.) Inferences may be drawn from the facts which are not in dispute, and if fairminded persons could draw different inferences from these facts then a triable issue exists. (*Farmers Automobile Insurance Association v. Hamilton* (1975), 31 Ill. App. 3d 730, 335 N.E.2d 178, *aff'd*, 64 Ill. 2d 138, 355 N.E.2d 1 (1976); *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 328 N.E.2d 679.) The right of a party to summary judgment must be clear and free from doubt. (*McHenry Sand & Gravel, Inc. v. Rueck; Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444.) Where doubt exists as to the right of the moving party to entry of a summary judgment, the wiser judicial policy is to permit resolution of the dispute by trial rather than by summary judgment. (*National Bank v. S.N.H., Inc.,* (1975), 32 Ill. App. 3d 110, 336 N.E.2d 115; *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589.) Applying these principles, we believe that the trial court should not have granted a summary judgment in favor of the defendants.

■■ It is fundamental that contributory negligence on the part of a plaintiff precludes any recovery in a tort action. (*Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445; *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790.) Although the issue of contributory negligence is usually a question for the jury, where there is no genuine issue of material fact to be decided, the issue may be decided on summary judgment. (*Oglesbee v. Nathan* (1973), 14 Ill. App. 3d 609, 302 N.E.2d 483; *Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629.) However, to be guilty of contributory negligence as a matter of law, it must appear from the undisputed facts that "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) Such is not the case on the record here before us.

■■■ Contributory negligence is failure to exercise ordinary care and ordinary care is that care which a reasonably prudent person would take

to avoid the injury under like circumstances. (*McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 243 N.E.2d 657.) Based on the following facts of record in the instant case, reasonable men might conclude that plaintiff was exercising ordinary care when he was injured, and thus was not guilty of contributory negligence: (1) plaintiff was busy delivering milk when he noticed the open trapdoor on the day of the accident; (2) he had only seen it open once before in four years; (3) upon entering the kitchen, the door swung shut behind him, blocking off plaintiff's view of the trapdoor; (4) while in the kitchen plaintiff was occupied with checking the milk machine; and (5) he was talking to the cook as he backed out of the kitchen. Under such circumstances a jury could find that it was reasonable for plaintiff to back through the swinging door, and thus we cannot say that what might otherwise be viewed as a reasonable instance of momentary forgetfulness was contributory negligence as a matter of law. As the court stated in *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 151, 240 N.E.2d 699, 701:

> "* * * the issue, in the summary judgment case at bar, is not whether the plaintiff could ever establish freedom from contributory negligence. The issue is whether there is a dispute as to material facts; and if the material facts are not in dispute, then the issue is whether reasonable minded persons might draw different inferences from such facts. In either event, a triable issue exists and a motion for summary judgment should not be granted."

A similar conclusion is appropriate in the instant case.

It is not negligence *per se* to go on dangerous premises (*Sims v. Block* (1968), 94 Ill. App. 2d 215, 236 N.E.2d 572), nor is the mere fact that a workman proceeds with his duties with his back facing an open pit, by itself, unreasonable. (*Offutt v. Pennoyer Merchants Transfer Co.* (1976), 36 Ill. App. 3d 194, 343 N.E.2d 665.) Nonetheless, defendants contend that plaintiff's actions in the instant case constituted negligence *per se*. In support of their position defendants rely heavily upon the recent decision in *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10, and the cases cited therein. In our view, however, *Mundt* is factually inapposite to, and thus not controlling upon, the case at bar.

■■ In *Mundt*, our supreme court held that a construction workman was contributorily negligent as a matter of law where, *inter alia*, he had previously seen the opening through which he fell, turned off his flashlight and in total darkness proceeded to lift the plywood cover which had been nailed to the bulkhead so as to cover the opening, and then in complete darkness stepped forward into the opening. *Mundt*, and the cases cited therein, represent situations in which plaintiffs were thoroughly and intimately familiar with both the nature and exact location of the dangers which faced them, yet still chose to encounter the hazards while in total

darkness. There were no attendant circumstances in those cases which, when considered in the light most favorable to plaintiffs, might have rendered their actions reasonable. In the case at bar, however, such attendant circumstances did exist. Plaintiff was not thoroughly familiar with the hazard since he did not usually work near the trapdoor while it was open. In fact he had only seen the dangerous opening once before in four years and the evidence, when viewed in its aspect most favorable to plaintiff, does not show that prior to the accident he was exactly aware of the opening's close proximity to the kitchen door. These factors, along with those others previously noted, might be viewed as rendering plaintiff's actions reasonable, while no such factors were present in the *Mundt* case.

In a similar vein, we find that the other cases cited by defendants are also distinguishable on their facts. For example, in both *Day v. Barber-Colman Co.* (1956), 10 Ill. App. 2d 494, 135 N.E.2d 231, and *Brandenburg v. Weaver Manufacturing Co.* (1966), 77 Ill. App. 2d 374, 222 N.E.2d 348, plaintiffs were found guilty of contributory negligence as a matter of law where they were thoroughly familiar with the possible hazards involved in the performance of their jobs, chose to proceed without taking any precautions, and were injured as a result. There were no other circumstances in these cases which might have accounted for plaintiffs' actions, or which might have rendered any momentary forgetfulness reasonable.

We find plaintiff's authorities on this issue more on point, and thus more persuasive. The possible impact of attendant circumstances such as those in the instant case was noted early in Illinois case law in *Village of Lemont v. Rood* (1886), 18 Ill. App. 245, 250:

> "A person may have had a general knowledge of a source of danger previously to an injury from it, and such knowledge will not necessarily prevent a recovery, if under the circumstances he might still, in the exercise of ordinary care or prudence, be unaware of his proximity to it, as by having his attention distracted from it by some sufficient cause. 2 Thomp. on Neg. 1204; Nicks v. The Town of Marshall, 30 Wis. 139; Pollard v. Woburn, 104 Mass. 84; George v. City of Haverhill, 110 Mass. 506; Bassett v. Fish, 75 N.Y. 303; Weed v. Village of Ballston Spa, 76 N.Y. 330."

See also Restatement (Second) of Torts, § 343A, Comment f (1965).

In *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699, plaintiff was injured when she tripped over a laundry cart located in the aisle of defendant's store. The evidence showed that plaintiff noticed the cart ahead of her as she walked down the aisle, that as she attempted to walk around it her right foot tripped over a protruding cart leg, that she had not noticed any such carts on previous visits to the store, and that

she was walking to the rear of the store and was intent upon following the defendant who was walking ahead of her in another aisle when she tripped. In reversing the trial court's finding of contributory negligence as a matter of law, the appellate court stated that under such circumstances "it is not apparent to us that the plaintiff necessarily failed to fulfill her obligation by not seeing the legs on the cart." Similarly, in other cases where plaintiffs were injured upon plainly visible hazards, the courts have nonetheless held that the attendant circumstances dictated that the issue of due care and contributory negligence be left to the jury. See, *e.g.*, *American Express Co. v. Risley* (1899), 179 Ill. 295, 53 N.E. 558; *Sterba v. First Federal Savings & Loan Association* (1966), 77 Ill. App. 2d 380, 222 N.E.2d 547; *Trojan v. City of Blue Island* (1956), 10 Ill. App. 2d 47, 134 N.E.2d 29.

The factual similarities between these cases and the instant case are apparent. Plaintiff in the instant case was faced with an unusual situation. He had only seen the trapdoor open once before. When he noticed the opening on the day of the accident he was busy performing his usual work duties. A jury might reasonably conclude that plaintiff did not know of the close proximity of the opening to the kitchen, notwithstanding the fact that he evidently walked around it to enter the kitchen. After entering the kitchen the swinging door closed to block plaintiff's view of the opening, he checked the milk machine, and he became involved in a conversation with the cook. The jury could find that in taking two steps backward while conversing under these circumstances, plaintiff was exercising due care at the time he was injured.

As final persuasive authority we would note two cases cited by plaintiff which deal with the effect that a distracting conversation might have on the issue of contributory negligence. In both *LaBranche v. Johnson* (1972), 127 Ga. App. 244, 193 S.E.2d 228, and *Deane v. Johnston* (Fla. 1958), 104 So. 2d 3, the plaintiffs were injured by hazards of which they were well aware, but at the time of the injury they were distracted by conversation with, or from, others. Under such circumstances the courts involved found the issue of contributory negligence to be one of fact for the jury. While we have found no Illinois case law specifically addressing the issue of distraction by conversation, a somewhat similar result was obtained in *Trojan v. City of Blue Island* (1956), 10 Ill. App. 2d 47, 134 N.E.2d 29.

■■ In *Trojan* plaintiff was injured when she fell into a hole in a sidewalk. While the hole was plainly visible, the facts showed that just prior to her fall plaintiff had been walking along talking with her son, looking at her son part of the time and at the sidewalk at other times. Under such circumstances the court held that the issue of contributory negligence was for the jury to decide, and affirmed a judgment in

plaintiff's favor. Both *LaBranche* and *Deane* are in line with the reasoning evidence in *Trojan* and those other Illinois cases, previously cited, which have found that, under certain circumstances, plaintiffs were not guilty of contributory negligence as a matter of law even though they were injured upon obvious hazards of which they had prior knowledge. Thus, we find them persuasive. In the instant case, the fact that plaintiff was engaged in conversation with the Medici cook when he was injured was just one circumstance which the jury is entitled to take into consideration in making its determination.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.