DENNIS J. RHOADES, Plaintiff-Appellant, *v.* W. E. O'NEIL CONSTRUCTION COMPANY, Defendant-Appellee.

Third District   No. 79-329

Opinion filed February 7, 1980.

James R. Morrison, of Lester Berry Smith, Ltd., of Peoria, for appellant.

William J. Becker and Douglas J. Pomatto, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Dennis J. Rhoades was injured when he fell on an unlighted stairway during construction of Caterpillar's Mapleton Foundry. He brought this negligence action against O'Neil Construction Company, the general contractor, to recover damages for his injuries, and the trial court entered summary judgment in favor of defendant upon the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals, contending that contributory negligence was a question of fact for the jury.

According to plaintiff's deposition, he was an ironworker foreman employed by J. L. Simmons to assist in the construction of Building D of the Caterpillar Mapleton Foundry. Simmons was not a subcontractor but had a separate contract directly with Caterpillar. Under the terms of the

general construction contract, the general contractor, O'Neil Construction Company, was responsible for keeping the site clean.

On September 14, 1977, plaintiff and his men were assigned the task of installing hoppers on the second floor of Building D. This work required that some men work on the second floor level where the hoppers were inserted into openings in the floor; other men on the mezzanine level about 15 feet below; and other men and equipment on the first floor. A stairwell had been constructed from the first level to the second by a masonry contractor who, due to financial difficulties, abandoned the job before the stairway walls were completed. The tubular scaffolding used by the masonry workers was left in place and assorted debris, such as pieces of concrete blocks, chunks of mortar, and pieces of wood, were left on the stairs. The stairwell was lit with a string of temporary light bulbs connected to a Romex conduit.

On the day in question, plaintiff had taken a crew of four men to the second floor and had instructed them as to the work to be done. Plaintiff then slid down a vertical steel beam to the mezzanine level where he gave instructions to another crew. He then went down to the first floor to talk to one of his men there. Some time later one of the men from the second floor came down the stairway to get some welding rods, and, since he was a steward with safety responsibilities, he reported to plaintiff that the lights were out on the stairway and that the stairs were littered with "garbage." Plaintiff, who had been up and down the stairway three times earlier that day, knew that by "garbage" the steward meant concrete blocks, scaffold planking, and discarded mortar. Plaintiff sent the steward to Stuart Miller, who was superintendent of safety for O'Neil. Miller ordered the men brought down so the stairway could be barricaded until the lighting was restored and the debris cleaned up.

Plaintiff and two stewards proceeded up the darkened stairway with plaintiff being third in line. Plaintiff said, "It was like being in a closet with the door shut." He was going very slowly, feeling for each step, when he tripped over a broken piece of 2 x 4 and fell backwards down three or four steps to a landing. In plaintiff's deposition he was asked, "Did you have your hand on the handrail at the time you tripped?" Plaintiff answered, "No, I was taking a step up and reaching to get another grasp on the handrail when the supposed two by four, as you say, tripped me." He was injured when his back struck a pile of broken cement blocks. The men with him went for help. Soon after, somebody came with a "trouble light" (a socket and bulb attached to an extension cord), and then an ambulance and stretcher arrived at the scene.

According to plaintiff, as foreman it was his responsibility to bring his men down from the upper levels so the stairway could be barricaded. Because his men had to use the stairway to get needed supplies and

equipment while working, plaintiff did not want to leave them on the second floor while he went in search of a flashlight or trouble light with extension cords sufficient to bring a light into the stairway. Plaintiff stated that trouble lights and extension cords were available at the construction site, and he admitted that he did not request any emergency lighting from his foreman. At one point in his deposition, plaintiff said there was no other method of access to reach plaintiff's work crews, but plaintiff later stated that he could have climbed back up the steel column to where the men were working. One witness said that another stairway to the second level was located 300 feet west, but he could not remember whether it was completed at the time of the accident. Another witness, a labor foreman for O'Neil, stated that there was no other access to the mezzanine except for the stairway used by plaintiff.

Defendant O'Neil filed a motion for summary judgment which asserted that plaintiff had demonstrated that he was contributorily negligent as a matter of law. The trial court entered summary judgment in favor of defendant, and plaintiff appeals, contending that contributory negligence is a question of fact for a jury to determine and that summary judgment was improper under the circumstances of this case.

■■ The question of due care on the part of the plaintiff is ordinarily one of fact for the jury, but when the facts bearing thereon rest solely upon his own testimony stated in a deposition and the attendant circumstances that are not in dispute, the court then has the duty of determining, as a matter of law, whether he, in fact, used ordinary caution for his own safety.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment should be entered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The standard for deciding whether contributory negligence is to be considered a matter of law is the same as the standard for determining the correctness of a directed verdict or a judgment *n.o.v.* (*Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10), and was defined in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513, as whether "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." When we view the evidence here in the light most favorable to plaintiff, we nevertheless find that plaintiff knew the stairway was littered with debris and was unlighted and that he knowingly chose to ascend the hazardous stairway. By his own testimony, he could have reached his men by climbing up the same steel column he had recently descended or he could have gone in search of a flashlight or trouble light. In any event, he

knew exactly the danger he faced when he entered the darkened stairway since he had three times traversed those same littered stairs in the course of the day and since the absence of a light had been reported to him and was in fact the reason he was going to lead his men down from the second floor level.

In *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10, a workman working at night fell through an opening in the floor of the fourth story of a building under construction. The court discussed several cases from this and other jurisdictions which held that a person familiar with the location of an opening, who falls through under comparable circumstances, is guilty of contributory negligence, and then stated:

> "The plaintiff here was fully aware that there were potentially dangerous openings in the concrete work. * * * He testified that before the night in question he had seen the opening through which he fell and in fact had probably covered it with paper. Although it was completely dark in the north bay where he had gone for paper, he turned off his flashlight and in total darkness proceeded to lift the plywood cover which had been nailed to the bulkhead. Then, holding the cover before him, in complete darkness he stepped forward and into the opening. We must say the plaintiff was careless to an extreme degree, and using the standard this court set out in *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill. 2d 494, for determining contributory negligence as a matter of law, we hold the trial court did not err in directing a verdict in favor of the defendants." 61 Ill. 2d 151, 160, 335 N.E.2d 10, 15.

In *Armagast v. Medici Galley & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446, a milkman backed out of a kitchen doorway in a restaurant and fell through an open trap door which he had noticed earlier that day but which he had seen open only once before in four years. The court ruled that a material issue of fact existed as to contributory negligence which precluded entry of summary judgment, and in doing so, distinguished *Mundt* as follows:

> "*Mundt,* and the cases cited therein, represent situations in which plaintiffs were thoroughly and intimately familiar with both the nature and exact location of the dangers which faced them, yet still chose to encounter the hazards while in total darkness. There were no attendant circumstances in those cases which, when considered in the light most favorable to plaintiffs, might have rendered their actions reasonable." (47 Ill. App. 3d 892, 897-98, 365 N.E.2d 446, 450. See also *Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 302 N.E.2d 257.)

It has also been said that, when a plaintiff has safer choices available to him but he elects a more dangerous way of doing his job, he becomes

guilty of contributory negligence as a matter of law. *Reid v. Employers Mutual Liability Insurance Co.* (1973), 14 Ill. App. 3d 174, 302 N.E.2d 108; *Day v. Barber-Colman Co.* (1956), 10 Ill. App. 2d 494, 135 N.E.2d 231. ■■ After reviewing the circumstances of plaintiff's injury in the case at bar and the authorities cited by both parties, we hold that the trial court did not err in ruling that plaintiff was contributorily negligent as a matter of law. Plaintiff was thoroughly familiar with the nature and location of the dangers he faced up on the stairway, and as in *Mundt*, he chose to encounter those hazards while in total darkness.

For the reasons stated, we affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

BARRY and SCOTT, JJ., concur.