JOAN C. MARCINIAK *et al.*, Plaintiffs-Appellants, *v.* JOSEPH S. O'CONNOR, M.D., Defendant-Appellee.

First District (4th Division)    No. 80-2372

Opinion filed November 25, 1981.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for appellants.

Michael J. Smith and Marc D. Ginsberg, both of Tenney & Bentley, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

On February 2, 1979, plaintiffs, Joan Marciniak and her husband Eugene, filed suit against defendant, Joseph S. O'Connor, M.D., in the circuit court of Cook County. Count I of the complaint alleged that defendant negligently failed to diagnose and treat Joan Marciniak's breast cancer. In count II, Eugene Marciniak sought damages for loss of consortium. On May 16, 1980, defendant filed his motion for summary judgment, contending that plaintiffs' action was not filed within the two-year statutory time provided for medical malpractice claims. (Ill. Rev. Stat. 1979, ch. 83, par. 22.1.) On July 31, 1980 the trial court granted defendant's motion for summary judgment.

Plaintiffs' appeal asserted that when the statute of limitations began

to run is an issue of material fact to be decided by the trier of fact, and accordingly it was error for the trial court to decide the issue by summary judgment as a matter of law.

We agree, and reverse and remand.

FACTS

On May 11, 1976, defendant, who limited his practice to obstetrics and gynecology, examined Joan Marciniak. The examination disclosed a lump in her right breast. Defendant, who had been her physician for many years, advised her that the lump was "something hormonal" and told her not to worry about it.

In December 1976, Joan Marciniak became aware of an increasing sense of heaviness in the breast. She had seen a television program which suggested that a lump in the breast could be very serious for women of her age, and that they are not always properly diagnosed. She became concerned that the lump was more serious than she had been led to believe.

Joan Marciniak returned to defendant for another examination on January 21, 1977. He told her the lump was a small mass and a biopsy should be done. He referred her to Dr. David P. Winchester, who advised her that she had a breast tumor which he felt was "highly suspicious" and probably malignant. The tumor had to come out, whether it was malignant or not. Aspiration cytology was done, and a mammogram and pre-admission testing were ordered. Dr. Winchester scheduled a right radical mastectomy for her on January 29, 1977. She subsequently cancelled the scheduled surgery.

On January 24, 1977, Dr. Winchester's secretary received a laboratory report of Joan Marciniak's breast smear which stated that Joan Marciniak suffered from carcinoma. Dr. Winchester's secretary later set forth in her affidavit filed in support of the defendant's motion for summary judgment that Joan Marciniak called that day to cancel the scheduled surgery, and during their conversation she informed Joan Marciniak that the laboratory report indicated carcinoma of the breast. Joan Marciniak denies she was told of the results of the laboratory report.

On February 3, 1977, Joan Marciniak was admitted to Lutheran General Hospital by another surgeon of her own choice. The next day, February 4, her breast was removed and she and her husband learned that she had cancer. Both of them contend that this was the date on which they first knew or had reason to know that defendant had negligently failed to diagnose her condition, and consequently had committed medical malpractice. Joan Marciniak alleges that as a result of the delay in treatment of her cancerous condition, she now suffers from metastatic disease emanating from the breast, and is undergoing extensive chemotherapy

and radiotherapy to arrest the process. She and her husband seek damages from defendant.

CHRONOLOGY

| | |
|---|---|
| May 11, 1976 | Joan Marciniak examined by Dr. O'Connor. Diagnosis: lump in breast is hormonal. |
| December, 1976 | Joan Marciniak watched television program on breast cancer. |
| January 21, 1977 | Joan Marciniak again examined by Dr. O'Connor, who recommended biopsy and referred her to Dr. Winchester. |
| January 21, 1977 | Joan Marciniak examined by Dr. Winchester. Diagnosis: Breast tumor, highly suspicious, probably malignant. Mastectomy scheduled for January 29, 1977. |
| January 24, 1977 | Dr. Winchester's secretary received laboratory report indicating malignancy. Joan Marciniak cancelled the scheduled surgery. Secretary alleged she told Joan Marciniak lab report indicated carcinoma. |
| February 3, 1977 | Joan Marciniak admitted to hospital by new physician. |
| February 4, 1977 | Radical mastectomy performed. Joan Marciniak and husband advised of cancerous condition. |
| February 2, 1979 | Suit filed by Joan Marciniak and husband. |
| July 31, 1980 | Dr. O'Connor's motion for summary judgment granted. |
| August 29, 1980 | Notice of appeal filed by Joan and Eugene Marciniak. |

OPINION

The only issue presented for review is whether the trial court correctly determined that, as a matter of law, plaintiffs failed to bring their action against defendant within the statutory period of limitations:

"No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, * * * of the existence of the injury * * * for which damages are sought * * *." Ill. Rev. Stat. 1979, ch. 83, par. 22.1.

■■ This statute has been construed to mean that the limitations period begins to run when the injured person is or should be aware of (1) the

nature of the physical injury and (2) the possibility that someone is at fault for it. (*Gaudynski v. Corbett* (1980), 81 Ill. App. 3d 910, 401 N.E.2d 1218; *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934.) Thus, the question of fact presented in this case is when Mrs. Marciniak learned or should have learned of her injury, and knew that it might have resulted from the negligence of Dr. O'Connor.

The trial court held that as a matter of law the coincidence of these two elements occurred in December 1976, when the television program on breast cancer caused Joan Marciniak to think, "My God, is it possible that this lump is more serious than I was led to believe?" Plaintiffs contend that discovery of the injury and causation did not occur until after the surgery on February 4, 1977.

The trial court, after considering defendant's summary judgment motion, the supporting affidavits, and the deposition of Joan Marciniak, granted defendant's motion for summary judgment on the ground that plaintiffs' action, filed on February 2, 1979, was not filed within two years of the time she discovered or should have discovered her injury and the fact that the defendant was responsible for it.

The order granting summary judgment cites *Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 392 N.E.2d 440, which held that the trial court properly decided the questions of knowledge and causation as a matter of law, and affirmed dismissal of the action as not being timely filed. The plaintiff in *Ikenn* had been blind since infancy. She contended she first learned at the age of 22, when a magazine article was read to her, that her blindness was caused by the improper medical care she received immediately following her premature birth. However, the court concluded as a matter of law that she should have learned merely by making inquiry before her twentieth birthday that her blindness could have been caused by the wrongful conduct of another.

■■ In this appeal, plaintiffs correctly point out that the trial court's reliance on *Ikenn* is misplaced. *Ikenn* limited its holding that the time of discovery of an injury may be determined as a matter of law to those cases in which the nature of the physical problem itself imparted constructive knowledge that the injury was caused by another's wrongful act. The *Ikenn* court said "plaintiff's blindness was the type of physical problem which imparted constructive knowledge that it was the result of a *traumatic event* occasioned by another's wrongful act." (Emphasis added.) (73 Ill. App. 3d 694, 699, 392 N.E.2d 440, 444.) A progressive disease process such as Joan Marciniak's cancer is not the result of a traumatic event, and thus not the type of injury described in *Ikenn*.

Clearly Joan Marciniak was afraid in December 1976 that she had cancer. But she had been told by defendant, who had been her physician for many years, not to worry about the lump in her breast. We think the

question of whether her fear outweighed her reliance on Dr. O'Connor's opinion is a question of fact which should be submitted to a jury.

■■ Another question is raised by the affidavit of Dr. Winchester's secretary regarding what information was conveyed during her January 24, 1977, telephone conversation with Joan Marciniak. The secretary alleges that she told Joan Marciniak the laboratory report indicated carcinoma of the breast, while Joan Marciniak denies that she was informed of that result. Another issue of fact is thus raised which should be decided by the trier of fact and cannot be disposed of by summary judgment as a matter of law.

■■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57(3)) provides that summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." For summary judgment to be granted, the right of the moving party must be clear, free from doubt, and determinable solely as a matter of law. (*Kitsos v. Terry's Chrysler-Plymouth, Inc.* (1979), 70 Ill. App. 3d 728, 388 N.E.2d 1054; *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 327 N.E.2d 236.) In making its ruling the trial court must construe the pleadings strictly against the moving party and in favor of the nonmoving party. *Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629; *Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543.

■■ Summary judgment is a drastic way to dispose of litigation (*Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629), and therefore should be awarded only with due caution. (*Kitsos v. Terry's Chrysler-Plymouth, Inc.*; *Rivan Die Mold Corp. v. Stewart Warner Corp.* (1975), 26 Ill. App. 3d 637, 325 N.E.2d 357.) Where any doubt exists as to the right of the movant to summary judgment, *i.e.*, where fair-minded people could draw different inferences from the facts presented, the better judicial policy is to submit the issue to a trier of fact for resolution. *Harris Trust & Savings Bank v. Joanna-Western Mills Co.*; *Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.

■■ "[T]he preferred rule is that the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864, 868.) It is our opinion that reasonable people could disagree about when Joan Marciniak's awareness of her condition met these dual requirements. It would not be unreasonable to find that she made the discovery after her surgery on February 4, 1977.

For the reasons set forth, we therefore reverse the summary judg-

ment in favor of the defendant and remand the cause for determination by a trier of fact of when the statute of limitations began to run.

Reversed and remanded.

ROMITI, P. J., and JIGANTI, J., concur.