JOHN STIEFEL, Plaintiff-Appellant, *v.* ILLINOIS UNION INSURANCE COMPANY, Defendant-Appellee and Cross-Appellee—(Federal Kemper Insurance Company, Defendant and Cross-Appellant; Coroon & Black of Illinois, Inc., *et al.,* Defendants).

First District (1st Division)   No. 82—1883

Opinion filed July 5, 1983.

Cooney and Stenn, of Chicago (James T. Newman and Kathryn L. Fleischer, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

John Stiefel (plaintiff) brought this action against Illinois Union Insurance Company as successor in interest to GATX Insurance Company (defendant), Federal Kemper Insurance Company (Kemper), Coroon & Black of Illinois, Inc., Myers Beatty & Company and Holly Myers, alleging wrongful refusal to defend plaintiff in an attorney malpractice lawsuit. Defendant and Kemper moved for judgment on the pleadings. (Ill. Rev. Stat. 1981, ch. 110, par. 2—619.) Defendant's motion was granted. The trial court did not formally resolve Kemper's motion. Plaintiff filed a notice of appeal from the judgment for

defendant. Kemper filed a cross-appeal. In this court, defendant's motion to dismiss Kemper's cross-appeal was denied. However, Kemper has failed to file a brief, and did not pursue its cross-appeal in any manner.

The pleadings show plaintiff is an attorney. He received a letter from attorney Richard Price, in behalf of several claimants, dated December 22, 1976, which stated in part:

> "We have been retained by Larry LaCroix, Donna LaCroix, James York and Janis York to prosecute their claim for damages arising out of your advice, action and inaction surrounding the demise of Countryside Porsch & Audi, Inc.
>
> * * *
>
> Please refer this matter to your errors and omissions carrier. Unless I hear from them, suit will be filed on January 20, 1977."

On January 19, 1977, plaintiff responded to this letter. Plaintiff offered a detailed explanation of his activities regarding the transaction. Plaintiff concluded the losses "were not of his making" and he resented the "attempt to recoup the losses by making untrue allegations of professional malpractice." No lawsuit was filed against plaintiff on January 20, 1977. However, a malpractice suit was filed on February 3, 1978.

Plaintiff was covered by a professional malpractice insurance policy which was issued by GATX Insurance Company. The policy period was August 23, 1977, to August 23, 1978. The policy provided in part:

> "This Policy applies to negligent acts, errors, omissions or offenses which occur anywhere in the world:
>
> (a) during the policy period and then only if claim is first made during the policy period in which the negligent act, error, omission or offense occurred, or
>
> (b) prior to the effective date of the Policy if claim is first made during the Policy period and providing no insured had knowledge nor could have reasonably foreseen any circumstance which might result in a claim at the effective date of the Policy and where there is no other valid and collectible insurance available to the insured for any such prior negligent act, error, omission or offense."

In addition the application for insurance made by plaintiff's law firm reveals the following question and negative response:

> "Is the applicant after proper inquiry of each party proposed for insurance AWARE OF ANY CIRCUMSTANCE, ERROR, OMISSION OR OFFENSE WHICH MAY RESULT IN ANY

CLAIM BEING MADE against the applicant, their/his predecessors in business or any of the present, past partners or employed lawyers? ☐ Yes ☒ No     If answered 'yes,' give full details."

According to plaintiff's amended complaint, "as of 8-23-77 [plaintiff] was of the reasonable belief that the claim of Larry LaCroix, Donna LaCroix, James York, and Janis York [claimants], and their attorney *** had been long forsaken and abandoned. The first knowledge by [plaintiff] that a claim was being pursued for malpractice was by the service of summons and complaint upon him in March, 1978." Plaintiff's amended complaint also alleged a judgment had been entered against plaintiff for $25,000 and that another suit was pending.

Plaintiff first argues the malpractice claim was clearly within the policy. Plaintiff contends the policy is a "discovery" or "claims made policy" as distinguished from an "occurrence policy." The former covers all allegedly negligent acts which are discovered and brought to the attention of the insurer during the policy period, no matter when the act occurred. The latter pertains only to acts which took place during the policy period. In this context, plaintiff argues the letter of December 22, 1976, was not a claim, and that a claim did not arise until suit was actually filed on February 3, 1978. We find plaintiff's argument unpersuasive.

■ In construing an insurance contract, words in the policy are to be given their plain and ordinary meaning, and a court should not search for ambiguity when none exists. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5, 429 N.E.2d 1203.) When the policy contains an explicit limitation on coverage, this language must be effectuated. *Gray v. Great Central Insurance Co.* (1972), 4 Ill. App. 3d 1084, 1086, 283 N.E.2d 261.

In the case at bar, the policy excludes all acts prior to the policy period unless "claim is first made during the Policy period" and "providing no insured had knowledge nor could have reasonably foreseen any circumstance which might result in a claim at the effective date of the Policy ***." Thus, the policy clearly and unambiguously provides that a claim must actually be made during the policy period. Additionally, the insured must not have knowledge of circumstances occurring prior to the policy period from which a claim might reasonably have been foreseen. Therefore, the fundamental issue before this court is whether the letter of December 22, 1976, constitutes sufficient notice to plaintiff from which it could have reasonably been foreseen that a claim would be made against the plaintiff.

■ In adjudicating the sufficiency of plaintiff's complaint, all

facts well pleaded are accepted as true. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329, 371 N.E.2d 634.) However, conclusions set out in the complaint are not so accepted. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976.) This rule applies to conclusions of fact as well as conclusions of law. (*Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1105, 428 N.E.2d 1061.) A judgment on the pleadings is proper if there are no material facts in dispute and where the pleadings reveal that the movant is entitled to judgment as a matter of law. *August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276, 279, 384 N.E.2d 849.

■ Plaintiff argues his allegation that he "reasonably believed" any possible claim had been forsaken and abandoned, should be accepted as a properly pleaded fact. We disagree. "Reasonableness" is a conclusion, and is therefore not admitted as true in a motion for judgment on the pleadings. (See *Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1105.) A court may determine an issue of reasonableness as a matter of law if the facts are not in dispute. See *Rhoades v. W. E. O'Neil Construction Co.* (1980), 80 Ill. App. 3d 1117, 400 N.E.2d 1035.

■ In the case at bar there are no facts in dispute. Plaintiff's conclusion of reasonableness is supported only by his letter of response to the letter from the claimants' attorney and the fact that suit was not filed on January 20, 1977, as threatened. These facts are not in dispute. On the other hand, plaintiff does not dispute that he received the letter of December 22, 1976, which clearly and unmistakenly exhibited the intention of the claimants to press a legal claim against plaintiff for damages based on alleged professional malpractice. That letter justified the able and experienced trial judge in determining that plaintiff should have "reasonably foreseen" circumstances under which a suit for malpractice might very well be filed against him.

■ The only Illinois case upon which plaintiff relies is *Graman v. Continental Casualty Co.* (1980), 87 Ill. App. 3d 896, 409 N.E.2d 387. In *Graman,* the claim against plaintiff, who sought coverage, was not filed until after policy expiration. Thus, the insurer had no notice of the claim until more than three years subsequent to the expiration of the policy. (See 87 Ill. App. 3d 896, 902.) Therefore, the *Graman* court was eminently correct in reversing a summary judgment for plaintiff and in holding that plaintiff there was not entitled to the benefits of the policy. The problem before us here is to consider and construe the letter of December 22, 1976, and determine whether cover-

age extended to the act in question. In our opinion, the answer which plaintiff gave to the questionnaire is completely refuted by the strong language in the letter sent to plaintiff by the attorney for the claimants. The basic problem of the insured here, as in *Graman,* is the fact that plaintiff's "complaint did not allege a situation which would be potentially covered under the \*\*\* policy." (See *Graman v. Continental Casualty Co.* (1980), 87 Ill. App. 3d 896, 902.) Therefore, defendant here, as in *Graman,* had no duty to defend plaintiff in the action against him.

Plaintiff also cites and relies upon *Hoyt v. St. Paul Fire & Marine Insurance Co.* (9th Cir. 1979), 607 F.2d 864, and *Oregon Automobile Insurance Co. v. Fitzwater* (1975), 271 Or. 249, 531 P.2d 894. We find these cases inapposite to the case at bar.

In *Hoyt,* the United States Court of Appeals for the Ninth Circuit held that a letter written to an attorney by another lawyer questioning legal advice given by the addressee in a particular instance, did not constitute a "claim" under an insurance policy. The court classified this letter as simply a request for information. The court concluded (607 F.2d 864, 866):

> "In our judgment the letter of April 5, 1974, did not constitute a claim. It was a request for information and explanation. If [plaintiff] was put on notice of any kind it was only that a claim might be expected to follow \*\*\*."

In *Oregon Automobile,* an attorney was a director of a newly organized corporation. The attorney and the president of the corporation prepared three promissory notes. Sometime later, all of the directors received a letter alleging these notes constituted unregistered securities, and indicating the directors would be personally liable. The Supreme Court of Oregon affirmed a verdict based upon a finding of fact that the attorney did not have notice that a professional malpractice suit would be filed against him. However, the court was careful to stress (271 Or. 249, 259, 531 P.2d 894, 899):

> "We believe, however, that it is clear from its decision, taken as a whole, that what it found, in effect, was that although defendant was aware of facts 'which might reasonably be expected to be the basis of a claim or suit' by holders of the notes against him and the other defendants in those cases *as directors* of the corporation, defendant was not aware of 'any act or omission which might reasonably be expected to be the basis of a claim or suit' against him for malpractice *as an attorney* and that the trial court based that conclusion upon an inference from the fact that there was no evidence that the other direc-

tors had relied in any way upon his advice as an attorney."

■ On the contrary, in the case at bar, the letter received by plaintiff referred to a specific transaction in which plaintiff was retained as an attorney. Because this letter clearly and definitely expressed the intention of the claimants to bring suit against plaintiff for professional malpractice, the trial court was correct in determining as a matter of law that plaintiff had notice of circumstances which could very well have resulted in a malpractice suit against him.

*Oregon Automobile* serves to strengthen the legal propriety of the ruling by the trial judge in the instant case. The issue here is simply the effect and significance of the letter sent to plaintiff by the attorney for the claimants.

For these reasons, the judgment appealed from is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.